Nᴇᴡ-Yᴏʀᴋ Gᴇɴᴇʀᴀʟ Tᴇʀᴍ, April, 1848,    *Cady, Willard,*
and *Edmonds,* Justices.

## Kᴇʟʟʏ *vs.* Kᴇʟʟʏ.

A bill of exceptions ought to be on some point of law either in admitting or reject-
ing evidence, or upon a challenge, or some matter of law, arising upon a fact not
denied, in which either party is overruled by the court.

A defendant cannot move for a nonsuit on the ground of the insufficiency of the
plaintiff's declaration.

When there is any evidence, on the part of a plaintiff, of the fact put in issue by the
pleadings, a refusal to nonsuit is not good cause for an exception.

A person who is in copartnership with another in any kind of business may main-
tain an action of account against his copartner. The remedy by that action is
not limited to partners in mercantile copartnerships.

After judgment of *quod computet,* in an action of account, and the appointment of
referees, no plea can be put in by the defendant, before the referees.

In order to charge a person in an action of account, as receiver, it is not necessary
that he should have any specific appointment as such.

Eʀʀᴏʀ from the court of common pleas in the city and
county of New-York, in an action of account. Thomas Kelly
was plaintiff and James Kelly was defendant in the court below.
The parties were partners as masons in doing work and furn-
ishing materials in finishing a house for John Larkin. The
declaration contained two counts, in which the defendant was
alleged to have been the plaintiff's receiver. And it was alleged
that, as such, he received by the hands of John Larkin $1150.
In the first count the contract with John Larkin was set out,
and the partnership between the parties alleged; and in the
second count the defendant was charged as receiver generally.
To each count the defendant pleaded that he never was the
receiver of the plaintiff in manner and form as the plaintiff had
alleged. Upon the issues thus joined the only question to be
determined on the trial was, whether the defendant ever was
the receiver of the plaintiff as alleged in the declaration. On
the trial the jury found that the defendant was the receiver of
the plaintiff as alleged in the declaration. Upon that verdict
a judgment was rendered that the defendant should account

Kelly *v.* Kelly.

for the money received by him from the said John Larkin. The cause was then referred, and the referees reported that the sum of $60,05 was then due from the defendant to the plaintiff; and upon that report judgment was rendered in favor of the plaintiff, with costs. Upon the trial of the issues, however, the counsel for the defendant moved that the plaintiff should be nonsuited, which motion was denied, and the counsel for the defendant excepted.

*R. F. Winslow,* for the plaintiff in error.

*H. Brewster,* for the defendant in error.

*By the Court,* CADY, P. J. The principal, if not the only question in the cause is, was the exception to the refusal of the judge to nonsuit the plaintiff, well taken? The grounds for the exception stated in the bill of exceptions are, First. "Upon the ground that the first count of the declaration was defective in alleging a copartnership, because it does not allege a mercantile copartnership." Second. "If the plaintiff relies upon the allegations that the defendant became a receiver and was so appointed, the proof does not sustain it, and the narr does not aver that the defendant was appointed receiver." The plaintiff in error has probably mistaken his remedy, if entitled to any. A bill of exceptions ought to be on some point of law, either in admitting or denying evidence, or a challenge, or some matter of law, arising upon a fact not denied, in which either party is overruled by the court. (*Graham* v. *Cammann,* 2 *Caines' Rep.* 168 ; *Van Gorden* v, *Jackson,* 5 *John.* 467 ; *Frier* v. *Jackson,* 8 *id.* 507.) The exception is not on any point of law, either in admitting or denying evidence; nor upon any matter of law arising upon a fact not denied, in which either party was overruled by the court. But on the motion for a nonsuit the defendant's counsel sought to draw in question the sufficiency of the declaration. If the declaration was defective its sufficiency ought to have been tested by a demurrer, and not on a motion for a nonsuit. The court below committed no

Kelly *v.* Kelly.

error in refusing to nonsuit the plaintiff on account of any defects alleged to be in the declaration. There was evidence that the defendant was the plaintiff's receiver; and when there is any evidence on the part of a plaintiff of the fact put in issue by the pleadings, a refusal to nonsuit is not good cause for an exception. There is therefore no error shown by the bill of exceptions for which the judgment in the court below ought to be reversed. If, however, there be any errors in matters of substance, apparent on the face of the record, the plaintiff in error is entitled to the benefit of them. The case principally relied on by the counsel for the plaintiff in error upon the argument, is the case of *McMurray* v. *Rawson*, (3 *Hill*, 59.) That case, however, was before the court upon a special demurrer to each count in the declaration. This is upon a writ of error after a verdict. Rules may have properly governed that case which cannot be applied to this. In that case the declaration contained three counts; the two first were adjudged bad because the plaintiff had not therein alleged by whose hands the defendant received the money for which the plaintiff sought to charge him. In this case it is alleged that the defendant received the money by the hands of John Larkin. In that case, in the third count, the defendant was charged as bailiff, and that count was adjudged bad because the kind and quantity of goods of which the defendant was bailiff, were not alleged, and because it was not alleged in that count that the defendant had received more than his share. In this case the defendant is not charged as bailiff, and not a question which it was necessary to decide in that case, has been raised in this. And the opinions delivered in that case, by the learned judges, so far as they relate to questions which the judges were bound to examine and decide, furnish no authority in favor of the plaintiff in error in this cause. The parties were partners in doing work for John Larkin, and the defendant in the court below received on their joint account $1150, and the balance found due to the plaintiff in the court below was only $60,05. It is therefore apparent that he would not have a remedy in chancery, as a sum less than $100 was due to him—and a partnership account could

Kelly *v.* Kelly.

not be settled in a court of law unless in an action of account. The objection most insisted on, upon the argument, to the first count was, that the copartnership alleged was not a mercantile copartnership. To suffer that objection to prevail will leave the plaintiff below without any remedy, although the sum of $60,05 is justly due to him. No man ought to be left without a remedy for a sum of money legally and equitably due to him. But is it true that no partner, except in a mercantile copartnership, can maintain an action of account? In the case of *Fowle* v. *Kirkland*, (18 *Pick.* 299,) it was resolved that before the action of account was abolished by the revised statutes of Massachu-setts an action of account was maintainable by a goldsmith and retailer of wares appertaining to that trade, against his former partner in the same business, who after the dissolution of the partnership, became the receiver of moneys coming to the common profit. And as early as the 6th of February, 1788, (1 *R. L. of* 1813, *p.* 90,) the legislature of this state passed an act entitled "an act for giving further remedy by action of account," by the first section of which it was enacted "that when any person is or shall be bound or liable to account, as guardian, bailiff, receiver, *or otherwise*, to any other, and will not give an account willingly, and the party to whom such an account ought to be made, shall sue," &c. The title of the act shows that the legislature intended to extend the action of account to cases to which it did not apply at the common law; and by the enacting clause it is extended to all cases "in which a person is bound or liable to account as guardian, bailiff, receiver or otherwise." The revised statutes enact that "when any action of account shall be brought by one or more *partners* against another *partner*, or by a joint tenant, or tenant in common, or against any guardian, bailiff, receiver, *or otherwise*," &c. (2 *R. S.* 385, § 49.) The words of this section are sufficiently broad to include partners in any business; and there is no good reason why the remedy by an action of account should be limited to partners in a mercantile copartnership, and partners in any other business be driven into a court of chancery to have an account. At common law, account lay only against a guar-

Kelly *v.* Kelly.

dian in socage, bailiff or receiver, or by one in favor of trade and commerce, naming himself merchant against another naming himself merchant, and the executors of a merchant. (1 *Bac. Ab.* 17, *A.*) But in 2 *R. S.* 385, § 49, it is taken for granted that an action of account can be maintained against "any guardian, bailiff, receiver," &c. Since the revised statutes there has been no more difficulty in prosecuting an action of account after a judgment *quod computet* than in prosecuting an action of assumpsit involving the examination of a long account. At common law, after the judgment *quod computet*, and the appointment of auditors, the defendant could plead before the auditors and delay the proceedings in the cause. That cannot now be done. After judgment *quod computet* referees are to be appointed, who must proceed in the manner required by law in other cases of reference. (2 *R. S.* 385, § 50.) No plea can therefore now be put in before referees, in an action of account, more than in an action of assumpsit. There is no necessity, in order to charge a man as receiver, that he should have any specific appointment as such. If A. gives a note to B., to receive money from C., and C. discharges B. of a debt he owed him, account lies against B. (12 *Mod.* 509.) If a man receives money to lay out for a particular purpose, and lays out a part of it, he ought to be called to account for the same by an action of account. (*Hartup* v. *Wardlaw*, 2 *Shower's Rep.* 301.)

The judgment in the court below must be affirmed with costs.