APPLEBY v. BROWN et al., Administrators, &c.

The action of account, at common law, would only lie between *two* merchants. It was unavailable where the partnership consisted of a larger number.

The Revised Statutes (2 R. S., p. 385, § 49), though implying a different understanding on the part of the legislature, did not change the law or enlarge the cases in which the action might be brought.

APPEAL from the Supreme Court. In the spring of 1845, the plaintiff, and one White, and the defendants' testator, Van Winkle, entered into a partnership in the city of Buffalo. The terms of the co-partnership were that the plaintiff was to furnish all the goods the other two members of the firm could sell at Buffalo. White and Van Winkle were to have the active charge of the business of the firm, and to render their services in its management; and, in consideration thereof, they were to receive one-half of the profits of the business, to be equally divided between them, and the plaintiff was to receive the other half of the profits. The losses of the business were to be borne in the same proportion. The business was continued till October, 1846, when, the firm being unsuccessful, the plaintiff settled up its business and affairs, and it was dissolved. The plaintiff called on White to contribute his share of the losses and pay the same to him, which he did by giving his notes for the amount, and the plaintiff dis-. charged him from any further claim.

Van Winkle remained in this state until February 11th, 1848, when he went to New Orleans, where he remained until his death, on the 17th May, 1849. On the 25th August, 1856, the will of Van Winkle was proven, in this state, before the surrogate of the county of Wayne, and the defendants were appointed administrators with the will annexed. This action was commenced on the 14th of August, 1857. The question presented for consideration was whether the plain-

tiff's claim was barred by the statute of limitations. The referee who tried the cause held, it was not, and gave judgment for the plaintiff for the amount due to him. This judgment was reversed, at the general term, and a new trial ordered. The plaintiff appealed to this court.

*C. D. Lawton*, for the appellant.

*William Clark*, for the respondent.

DAVIES, J. The right of action had accrued before the adoption of the Code of Procedure, and the statutes in force at the time it accrued (in October, 1846) are applicable and must govern in the disposition of this case (§ 73 of the Code). We must, therefore, recur to the provisions of law existing at that time. The plaintiff, seeking to enforce his rights, must have resorted either to an action at law or to a suit in equity. If the former, then the appropriate and only action, which could have been invoked, was that of account, as known and recognized at common law. Upon the assumption that the appropriate action was the common-law action of account, then, by section 18, subdivision 4, of article 2, part 3, chapter 4, of the Revised Statutes, the action was required to be commenced within six years next after the cause of action accrued; and if the plaintiff's only remedy was by a bill in equity, then, by section 52, of article 6th, same part and chapter, the bill must be filed within ten years after the cause of action accrued, and not after. And by section 49, it is provided, that whenever there is a concurrent jurisdiction in the courts of common law, and in the courts of equity, in any cause of action, the time limited for the commencement of suit for such cause of action in a court of common law shall apply to all suits thereafter to be brought for the same cause of action in a court of equity. The question, therefore, presented is, whether at the time the cause of action accrued in this case, there was a concurrent remedy, in the courts of common law and in the courts of equity; and

the solution depends upon the question whether the plaintiff, in the present case, could have maintained in the courts of common law against the defendant, Van Winkle, the ancient common-law action of account.

It is said, of this action, that it is one of antiquity, and lies at common law against guardians, bailiffs, receivers and mercantile co-partners, to compel an account of profits or moneys received. It was an action, provided by law, in favor of merchants, and for advancement of trade and traffic, as when two joint merchants occupy their stock of goods and merchandise in common, to their common profit, one of them, naming himself a merchant, shall have an account against the other, naming him a merchant, and shall charge him as *receptor denariorum.* (Co. Litt.; 172, a.) [The learned judge here cited the observations of Blackstone (3 Com., 162, 163) upon the history and inconveniences of the action of account, and those of BRONSON and COWEN, Js., in *McMurray* v. *Rawson* (3 Hill, 59), upon the difficulties attending the action even after the modification of the practice therein by the Revised Statutes. He proceeded:]

I think, therefore, if the courts of common law had concurrent jurisdiction of the subject-matter of the cause of this action with the courts of equity, such jurisdiction was ineffectual to confer any substantial right upon the plaintiff. He would have found it difficult, with this case in his way, to have obtained a hearing in a court of law in an action of account. I cannot be mistaken in supposing that he would have had a speedy exit, and been dispatched to a court of equity. But I think it is well settled upon authority, that this action of account given by the common law, could only be maintained between *two* merchants, and when the firm consisted of more, this strict action could not be sustained. Coke, already quoted, confines the action to the case of two joint mercantile partners in which case one may charge the other. In *Beach* v. *Hotchkiss* (2 Conn. R., 425), it was holden not to lie where there are more than two partners, and Judge COWEN, says in *McMurray* v. *Rawson* (*supra*): That with us, where the Court

of Chancery is open to a much better remedy, there is no rea-son for giving Coke's words a liberal construction. Judge COWEN, further adds: that he desires not to be understood as conceding that this action will lie at all either between part-ners, who are not merchants or joint tenants, or tenants in common of personal property, as such. On the contrary, when it goes on partnership, he says: "I apprehend the plain-tiff must aver both himself and the defendant were partners as merchants, in such terms as to show that the case is within the law of merchants. I admit the action may then be sus-tained against the defendants as receivers, where the firm consisted of two persons only." I think this a just and correct exposition of the law on the subject, and that an action of account, the strict common-law action, could not have been maintained by the present plaintiff, the firm consisting of more than two persons. The reasons for not favoring the action or giving a more liberal construction to the rules applicable to it, have already been adverted to and need not be repeated.

We think the legislature of our own State, have not enlarged the cases in which, at common law, the action could be main-tained. The first act passed is that of Feb. 6, 1788. (Greenl. Laws, vol. 2, p. 4.) This act was republished in the revision of 1813, in the same words. (Laws of 1813, vol. 1, p. 90.) In the revision of 1830, under the title of "consolidating and referring causes" (2 R. S., pp. 383, 384), the revisers endeavored to simplify the proceedings in an action of account, by substituting referees for auditors, and conferring on the former, the powers given to the latter by the act of 1788. We do not think the language used in section 49 (p. 385), was intended to change the rules of the common law or to enlarge the cases in which the action might be brought.

I come, therefore, to the conclusion that the common-law action of account could not, at the time the cause of action in this case accrued, have been maintained against the defendant Van Winkle; or assuming that by the provisions of the Revised Statutes, the action is given in all cases against execu-tors and administrators in which it could be maintained against

their testators or intestates, it could not have been maintained against Van Winkle's administrator, for the reason that it could not have been prosecuted against him.

At the time the present cause of action accrued, the plaintiff had the sole remedy of an action in a court of equity, and a court of law had no concurrent jurisdiction. As he had ten years from the time his cause of action accrued, that time was further extended for the period of eighteen months, by the provisions of section 8, title 3, article I, chapter 8 of 3d part of the Revised Statutes, which declares, that the term of eighteen months after the death of any testator or intestate shall not be deemed any part of the time limited by law for the commencement of actions against his executors or administrators. The statute did not therefore run, or in other words was suspended, for the period of eighteen months next immediately after the death of the testator or intestate, and as this suit was commenced within eleven years from the time the cause of action accrued, the statute of limitations presents no obstacle to the plaintiff's right to recover. As this is the only point discussed on the argument, and one which disposes of the case, it follows that the order of the general term granting a new trial should be reversed, with costs, and the judgment of the special term should be affirmed.

COMSTOCK, Ch. J., and DENIO, J., concurred on the ground that the action of account would lie at common law only between two partners, and that the Revised Statutes although assuming that it would lie where there were more than two partners had not so enacted. LOTT and MASON, Js., also concurred.

JAMES, J. (Dissenting.) The plaintiff insists that his action is of exclusive equity jurisdiction and is entitled to the benefit of the ten years statute. If this be so, then, deducting the periods of suspension, the right of action was not barred.

The statute provides (2 R. S., p. 301, § 52) that actions not cognizable in courts of law shall be commenced within ten

years after the cause of action shall accrue, and not after."
But section 49, same title, further provides that "whenever
there is a concurrent jurisdiction in the courts of common
law and in courts of equity of any cause of action, the pro-
visions of this title, limiting a time for the commencement of a
suit for such cause of action in a court of common law, shall
apply to all suits hereafter brought for the same cause in
Court of Chancery;" qualified by section 50, that its pro-
visions shall not extend to suits over the subject matter of
which a court of equity had peculiar and exclusive juris-
diction, and which subject matter was not cognizable in the
courts of common law.

It is insisted, however, that the plaintiff could have main-
tained an action of account at law at any time after the disso-
lution of the co-partnership, and hence the case was not one
of exclusively equity jurisdiction.

I think it may be regarded as settled that an action of ac-
count could be maintained in this State, by one partner against
another, before the adoption of the Code. (*Duncan* v. *Lyon*,
3 Johns. Ch., 351; *Atwater* v. *Fowler*, 1 Edw., 417; *Ogden* v.
*Astor*, 4 Sand., 324); and in this State such action was not
limited to mercantile partners, as at common law, but lay
between partners in any business. (*Kelly* v. *Kelly*, 3 Barb.,
419; *Fowle* v. *Kirkland*, 18 Pick., 299; 2 R. S., p. 385, § 49.)
And it also lay by one or more partners against one or more
partners. (2 R. S., p. 385, § 49.)

This action as between mercantile partners existed at com-
mon law. (Co. Litt., 172, a; Co. Jac., 410.) Coke says, "if
two joint merchants occupy their goods and merchandises in
common to their common profit, one of them, naming himself
a merchant, shall have an account against the other," &c.
This language, COWEN, J., held, in *McMurray* v. *Rawson*
(3 Hill, 65), should be literally followed, restricting the action
to cases where there were but two partners, and holding it
would not lie when there were more than two; citing *Beach* v.
*Hotchkiss* (2 Conn., 430). Although this position was denied
by DUNCAN, J., in *Whelen* v. *Watmough* (15 Serg. & Rawle,

Appleby *v.* Brown.

153.) I do not propose to discuss the point because I consider the question disposed of, in this state, by our statutes. Their language is, "when any action of account shall be brought by one or more partners against another partner," &c. (2 R. S., p. 385, § 49), showing clearly that the legislature contemplated that actions of account might be maintained when there were more than two partners.

The action of account being a part of the common law of England at the adoption of the Constitution of this State, in 1777, became, by that instrument, a part of the law of this State. In 1788, the legislature passed a statute entitled "An act for giving further remedy by action of account," somewhat defining and prescribing the practice therein, and in the revision of our statutes, in 1830, the legislature assumed that the action of account would lie; for they provide for a mode proceeding after judgment rendered that the partner account, or that the defendant account to the plaintiff, which renders the whole subsequent proceeding plain and simple to every one disposed to learn and understand the practice. (3 Bosw., 423.)

An action of account is also given by the Revised Statutes (2 R. S., p. 113, § 2) against executors in all cases in which the same may have been maintained by their respective testators; and administrators are made liable in the same manner as executors. (2 R. S., p. 113, § 3.)

It follows from these views that an action of account at law might have been maintained by the plaintiff against the intestate in his lifetime, and against the administrator since his death, for the claim sought to be enforced by this action. That being so, the period of limitation was six years; and that time having elapsed, after the right of action accrued, before the commencement of this suit, the claim was barred.

The judgment of the general term should be affirmed.

HOYT, J., was also for affirmance. SELDEN, J., did not hear the argument.

Judgment reversed, and judgment for plaintiff.