HERBERT, appellant, v. KING et al., respondents.

EJECTMENT—*proof*—*title*—*possession.* In an action of ejectment, the plaintiff must prove that, at the time the suit was brought, the title or right to the immediate possession of the property was in himself, and that the defendant unlawfully withheld the possession of the same.

PRACTICE — *nonsuit* — *review of evidence.* In reviewing the ruling of the court below in granting a nonsuit, this court will consider every fact as proven which the evidence tended to prove.

PRINCIPAL AND AGENT—*fraud of agent.* The principal is liable for the fraud that has been perpetrated by his agent, who was acting within the scope of his authority.

PRINCIPAL AND AGENT — *authority of superintendent of a flume.* Courts will not enlarge the authority of an agent, and the acts of a superintendent of a flume in constructing, repairing or superintending the same, are binding upon the principal; but his acts and declarations upon matters that are foreign to the flume cannot affect his principal.

PRACTICE—*grounds for nonsuit.* A nonsuit should be granted if there is no proof to support a material averment of the complaint.

*Appeal from the First District, Jefferson County.*

IN October, 1871, the court, MURPHY, J., sustained the motion of King *et al.* for a nonsuit.

SHOBER & LOWRY and G. G. SYMES, for appellant.

Granting a nonsuit on the facts is a question of law, and may be reviewed on appeal from the judgment roll, and statement of the evidence on appeal. 3 Estee's Pl. 496; *Cravens* v. *Dewey,* 13 Cal. 42; *Darst* v. *Rush,* 14 id. 82; *Pratt* v. *Hull,* 13 Johns. 335.

A nonsuit cannot be granted when there is any evidence tending to prove plaintiff's case. *McKee* v. *Green,* 31 Cal. 418; *Kelley* v. *Kelley,* 43 Barb. 419; *Cravens* v. *Dewey,* 13 Cal. 42.

In considering the ruling on the nonsuit, this court will consider as proven every fact which the evidence tended to prove. *Dow* v. *Gould & C. M. Co.,* 31 Cal. 650; *Dero* v. *Cordes,* 4 id. 117; *Labar* v. *Koplin,* 4 N. Y. 547.

The answer admits that appellant was the legal owner of the mining claims in controversy. Appellant testified di-

rectly that respondents had possession of the claims at the time of the commencement of the suit and afterward. It was error for the court to grant the nonsuit, because we cannot go into the question of the contradiction of this testimony. If contradicted, the province of the court ends and that of the jury begins.

The declarations of O'Brien were made when he was the agent of respondents and acting within the scope of his authority. They should have been admitted. 1 Greenl., § 113; Story on Agency, §§ 134–137; 1 Phil. on Ev. 381; *Thalhimer* v. *Brinkerhoff*, 4 Wend. 394.

If an agent, when acting within the scope of his authority, perpetrates a fraud or wrong on another, or occasions a consequential injury, the principal is liable. Story on Agency, §§ 452, 453, 308; 2 Greenl. on Ev., § 68; *Foster* v. *Essex Bank*, 17 Mass. 479; *Williams* v. *Mitchell*, id. 98; 1 Pars. on Cont. 73, 74; *Jeffrey* v. *Bigelow*, 13 Wend. 518; *Schieffelin* v. *Harvey*, 6 Johns. 170.

The credibility of witnesses is with the jury. The court cannot grant a nonsuit because it thinks, from other circumstances in the case, that the witness did not tell the truth. *Merritt* v. *Lyon*, 3 Barb. 110. A conflict of evidence between the plaintiff's witnesses prevents a nonsuit.

CHUMASERO & CHADWICK and E. W. TOOLE, for respondents.

Appellant cannot recover in this action unless he proves two facts. 1. Title in himself or the right to the immediate possession at the time of the institution of the suit. 2. That possession was unlawfully withheld by respondents at that time. The appellant failed to establish either proposition and the nonsuit was properly granted.

Appellant failed to show that respondents had given O'Brien authority to act for them in the matters sought to be proved. The agency must be fully established before the principal is liable for the declarations of the agent. The extent of an agent's power is a question of law for the court to determine. The declarations of O'Brien were prop-

erly excluded.    Counsel cited the following cases in addition to those of appellant : *Garfield* v. *Knights F. W. Co.*, 14 Cal. 37 ; *Gerke* v. *California N. Co.*, 9 id. 258.

A nonsuit should be granted if the court could not sustain a verdict on the testimony.    *Stuart* v. *Simpson*, 1 Wend. 376 ; *Pratt* v. *Hull*, 13 Johns. 334 ; *Ringgold* v. *Haven*, 1 Cal. 115 ; *Ensminger* v. *McIntire*, 23 id. 593.

WADE, C. J.    This is an appeal from a judgment of nonsuit in the court below, and the question herein presented is whether or not the nonsuit was properly entered.

The action is a suit in ejectment to recover possession of certain mining claims in Baker district, Confederate gulch, in the county of Meagher, embracing three hundred and ninety linear feet of said gulch.

The complaint sets up title in the plaintiff, the right to immediate possession, and the possession of the defendants at the commencement of the suit.    The answer denies the title of the plaintiff, denies his possession and the right thereof, and denies possession of defendants, and disclaims all right, title and possession by defendants to the grounds in dispute.

The case was argued upon the hypothesis that the pleadings admitted the ownership of the plaintiff, but such is not the case.    The amended answer denies that plaintiff is entitled to the possession, and avers that whatever right the plaintiff had in the ground had been abandoned and forfeited by him, and lost under and by virtue of the usages and customs of the district where the ground was situated, so that no presumption can arise upon the supposed fact that plaintiff was and is the owner of the ground.    By the pleadings, title is one of the questions in issue by virtue of the averment of forfeiture.

In order to maintain the action of ejectment, the plaintiff must prove, first, title in himself, or the right to the immediate possession at the time of instituting the suit.    This right must exist at the time the suit is brought.    A right prior or subsequent to that time will not avail, and second,

he must prove that possession was unlawfully withheld by defendant at the time. A failure to prove either of these essential elements will defeat the action of ejectment, and if there is no proof to support a necessary and vital aver- ment of the complaint, a nonsuit would be properly granted.

It seems by the pleadings and proofs in this case, that on the 9th day of March, 1868, the plaintiff was the owner of and in the possession of the mining ground in dispute, and on that day the plaintiff, and defendants King and Gillette, entered into a contract in writing concerning said ground, whereby said plaintiff agreed to deliver possession of the ground to said defendants for the purpose of having the same drained and the gold extracted therefrom, the plaintiff to receive one-half the gold so extracted. King and Gillette were at that time constructing a flume for mining purposes, and the agreement so made between the parties was to be null and void providing said flume did not strike bed-rock at the lower end of said. ground, and it was further agreed that King and Gillette should represent the ground until the fulfillment of the contract.

In pursuance of this agreement, King and Gillette entered into possession of said ground and continued to construct their flume until sometime in the summer of 1868, they had reached the lower end of said ground with the flume, and it is admitted that it did not strike bed-rock at that point.

Immediately after it was found that the flume failed to strike bed-rock the plaintiff was notified of the fact, for we find that in September, 1868, he made arrangements with one Leonard to represent the ground, the contract of King and Gillette to represent it having expired upon the failure to reach bed-rock, and they having ceased to represent the ground at that time. It further appears from the testimony that for a month or two after King and Gillette ceased to represent the ground by reason of having failed to strike bed-rock with their flume, the ground was unrepresented, and thereby became subject to relocation by any party who desired to take it up and occupy it. This failure to repre- sent the ground, the testimony shows, forfeited the plain-

tiff's right to it, and it became subject to relocation like any other parcel of the public domain. If this alleged forfeiture was caused by any wrongful act of King and Gillette, undoubtedly they would be liable in damages therefor, but we have nothing to determine now as to that question.

It further appears by the proof, that this ground being vacant and subject to relocation and entry, was taken up and located by Harwood, Simms and Clarke on the 16th of November, 1868, and was subsequently mined and worked out by them.

The ground could not be worked except through the flume of defendants, and the parties who relocated the ground purchased the right to work two hundred and twenty feet thereof through this flume by selling to King and Gillette, through their agent O'Brien, one hundred and seventy feet of said ground. At the time the ground was relocated by Harwood, Simms and Clarke, the defendants King, Gillette and O'Brien had no interest therein, but subsequently acquired title to one hundred and seventy feet from the relocators. It is further shown that the plaintiff was on the ground and worked there to a certain extent in November, 1868.

Thus far the proof produced by plaintiff tends directly to defeat his case, and to show that he had neither the title or the right to the possession of the ground in controversy, but plaintiff testifies in his own behalf and says that defendants, King and Gillette, and others, had possession of the ground at the time the suit was commenced, and for some time afterward, and upon this testimony the plaintiff rests his claim that the judgment of nonsuit should be reversed.

In the light of this testimony did the court err in giving judgment of nonsuit?

It is undoubtedly true that, in considering the correctness of the ruling of the court below in granting a nonsuit, this court will consider as proven every fact which the evidence tended to prove. *Cravens* v. *Dewey*, 13 Cal. 42; *Pratt* v. *Hall*, 13 Johns. 335; *Dorst* v. *Bush*, 14 Cal. 82; *McKee* v.

*Green,* 31 id. 418 ; *Kelley* v. *Kelley,* 3 Barb. 419 ; *Dow* v. *Gould, etc., Mi. Co.,* 31 Cal. 650 ; *Dero* v. *Cordez,* 4 id. 117 ; *Laboc* v. *Karplin,* 4 N. Y. 547.

Looking at the whole evidence produced by plaintiff, which is all the evidence in the case, what does it tend to prove ? The weight of it overwhelmingly preponderates against the plaintiff. It tends directly to show that the right of the plaintiff to the ground in question had been forfeited ; that third parties had acquired the title thereto, and by virtue of the title so acquired had mined and worked out the ground. It is true that the plaintiff testifies that the defendants had possession of the ground at the time of the commencement of this action ; but having, by his own testimony, shown that the ground had been forfeited, and that title thereto had been acquired by third persons long before the suit was commenced, and that the ground had been fully worked out, such testimony is like swearing against a deed or a record. It does not even raise a presumption ; and if a verdict had been rendered for the plaintiff upon the testimony produced in this case, the court, undoubtedly, would have been compelled to set it aside upon the ground that there was no substantial evidence to support it. But it is not necessary to determine the case upon the testimony produced, as to defendants being in possession. It will be remembered that the plaintiff must show affirmatively that he is entitled to the possession. There is no affirmative proof of the kind, but, on the contrary, the proof all tends to show that third parties had acquired the title and the right to the possession, and that the plaintiff had entirely lost his right to the possession. Instead of showing title and the right of possession in the plaintiff, the proof tends directly to show that right in Harwood, Simms and Clark.

There is much doubt as to the competency of the proof by which this alleged forfeiture was proven. The local laws of the district, if there are any, upon the subject of mining, were not produced and proven in evidence, neither were the customs, usages and rules of the district shown,

but the plaintiff produces testimony tending to show that the mining ground in question was unrepresented for five or six weeks, and that it thereby became subject to relocation ; that this failure to represent the ground forfeited the right of plaintiff therein, as well as that of the defendants, if they had any right thereto ; and that the ground, being subject to relocation, was taken up by Harwood, Simms and Clarke. This proof was produced by plaintiff. The men who relocated the ground worked it out after selling one hundred and seventy feet to King and Gillette, and the plaintiff made no objection thereto. If he had not forfeited the ground he could have enjoined their working it ; but this proof, such as it is, being called out by the plaintiff, and being against his interest, we are inclined to take it as true, and to say therefrom that the ground became forfeited and subject to relocation in November, 1868. It is certain by the proof that the ground was relocated, and was worked out by the relocators unmolested, and with the knowledge of the plaintiff, and that he never asserted any title thereto ; and these facts alone raise a strong presumption that they had a right, by the laws of the district, to relocate and work it, and we believe we are justified by the proof in saying that the ground was abandoned by plaintiff after King and Gillette ceased to represent it.

There is no proof whatever that the plaintiff was entitled to the possession of the ground at the commencement of the suit. The only proof on the subject is the bare presumption that, because the plaintiff was owner in 1868, therefore he was entitled to the possession in 1870, when the suit was commenced. This, indeed, is a violent presumption, when taken in connection with plaintiff's acts, in permitting the ground to be relocated and worked by third persons, with his knowledge and consent, before the action was brought.

2. Did the court err in striking out the declarations of O'Brien ? O'Brien was agent for King and Gillette in superintending their flume, and any declarations made by him, within the scope of his authority, would bind his principals.

The extent of the power of an agent to bind his principal is a question of law for the court.

If an agent, when acting *within the scope of his authority*, perpetrates a fraud or wrong on another, or occasions a consequential injury, the principal is liable. Sto. on Agency, §§ 452, 453, 308 ; 2 Greenl., § 68 ; *Foster* v. *Essex*, 17 Mass. 479–507 ; *Williams* v. *Mitchell*, id. 98 ; *Schieffelin* v. *Harvey*, 6 Johns. 170 ; 1 Pars. on Cont. 73, 74.

But, where the principal is thus held liable, the agent must have acted strictly within the scope of his authority, so as to make the agent's acts the acts of the principal, and courts will not tolerate any enlargement of this liability, but it must be confined to acts strictly within the scope of the authority conferred.

O'Brien's authority was the authority of a flume superintendent, and any of his acts necessary to the construction, repairing or superintending the flume, would bind his principal, but the acts and declarations sought to be introduced had no possible connection with the flume. They were entirely foreign to his authority as agent, and could in no manner bind his principal, and were properly excluded.

*Judgment affirmed.*

MURPHY, J., concurred.

KNOWLES, J., dissenting. I agree to that part of the decision striking out declarations of O'Brien, but think there was evidence enough to have warranted the jury in finding that King and Gillette were in possession of the upper one hundred and seventy feet of the ground in dispute, and that the jury might have found against them for that ground, without damages, although I am far from holding that I would have found thus, had I been the jury.