THOMAS MARTIN, Respondent, *v.* LUCY E. STODDARD et al., Appellants.

Under the provision of the act in relation to the settlement and collection of arrearages of unpaid taxes, etc., in the city of Brooklyn (§ 5, chap. 114, Laws of 1883), which provides that a deed shall be given on a tax sale after presentation of the certificate of sale and proof of service of notice of such sale upon the owner and mortgagee of the lands sold, to entitle a party to notice as mortgagee, he must be one in fact ; if his mortgage has been paid, although unsatisfied of record, he is not entitled to notice.

When payment of a sealed instrument for the payment of money is, *prima facie*, presumed from lapse of time, such presumption has the same force and legal effect as if the fact had been proved in any other manner.

In an action of ejectment plaintiff claimed title through a sale under said act. Defendants claimed that there was a mortgagee of the premises to whom notice had not been given as required by the statute (§ 5), and introduced in evidence the record of a mortgage covering said premises, dated August 3, 1837, and recorded the day following. The mortgage was omitted from the printed case, the time of payment did not appear, nor was there any evidence of payments or of a written acknowledment within twenty years. *Held*, the presumption was the mortgage was payable on demand and so the statute began to run against it from its date ; that the cause of action having accrued before the Code. the question of limitation was governed by the Revised Statutes (2 R. S. 301, § 48), under which payment of a sealed instrument for the payment of money would be presumed twenty years after the right of action accrued, unless repelled by proof of payment of some part or a written acknowledgment of the existence of the right of action ; and that, there-

fore, payment of the mortgage before the sale in question was presumed, and consequently the mortgagee was not entitled to notice.

(Submitted April 10, 1891; decided April 28, 1891.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made January 28, 1889, which affirmed a judgment in favor of the plaintiff, entered upon a verdict directed by the court.

This action was in ejectment and to recover damages for an alleged wrongful withholding of real estate in the city of Brooklyn.

The plaintiff claimed title through a tax sale under the act (Chap. 114, Laws of 1883) known as the Arrearage Act.

Further facts are stated in the opinion.

*A. H. & W. E. Osborne* for appellants.

*Wm. J. Gaynor* for respondent.

PARKER, J. The appellants' contention that the Arrearage Act (Chap. 114, Laws of 1883), and the proceedings had thereunder, including the sale to this plaintiff, are void has been settled adversely to such contention by this court in *Lamb* v. *Connolly* (122 N. Y. 531) and *Terrel* v. *Wheeler* (123 id. 76).

An additional question is raised which we shall briefly consider. The Arrearage Act provides that after a sale of lands in pursuance thereof, notice shall be given to any person having an estate therein (§ 5), and that a deed shall be given to the purchaser at a tax sale " upon presentation of said certificate of sale and proof of the service of the notice of such sale, as hereinafter provided, upon the owner and mortgagee of the said lands and premises * * * after the expiration of one year from the date of such service." The defendant, insisting that there was a mortgagee of the premises to whom notice was not given as provided by statute, introduced in evidence the record of a mortgage covering the lands in con-

troversy, dated August 3, 1837, and recorded the day following. No other fact appears than that about forty-eight years before the sale, pursuant to which the plaintiff obtained the deed, the mortgage described was placed on record in the Kings county clerk's office.

The fact that a party may appear by record to be a mortgagee, does not of itself entitle him to notice. He must be a mortgagee in fact. If his mortgage be paid, although unsatisfied of record, he is not entitled to notice. And the question here presented is whether the evidence authorized a finding of payment? For if it did it must be treated as having been found by the jury. The Revised Statutes (Vol. 2, p. 301, § 48) provided that "after the expiration of twenty years from the time a right of action shall accrue upon any sealed instrument for the payment of money, such right shall be presumed to have been extinguished by payment; but such presumption may be repelled by proof of payment of some part or by proof of a written acknowledgment of such right of action within that period." The provision quoted was repealed by section 73 of the Code of Procedure, and chapter 245, Laws of 1880, also provides in terms for a repeal thereof, so that the only statutory reference to the subject now in force is section 381 of the Code of Civil Procedure, which provides a limitation of time for beginning actions on sealed instruments. But the cause of action for the enforcement of the collection of the moneys secured by the mortgage having accrued before the Code, the question of limitation is governed by the Revised Statutes. (Code of Procedure, § 73; Code of Civil Procedure, § 414; *Appleby* v. *Brown*, 24 N. Y. 143.)

The mortgage has been omitted from the record before us and, as the time when payment was to be made does not appear, it will be presumed that it was made payable on demand. And the thing promised being the payment of money, the Statute of Limitations began to run from the date of the instrument, at which time the demand could have been made. (*Howland* v. *Edmonds*, 24 N. Y. 307; *Wheeler* v. *Warner*, 47 id. 519.)

This rule of the common law has more recently been declared by statute. (Code of Civil Procedure, § 410.) The presumption then arises from the facts appearing in the record that nearly twenty-eight years before the sale of the lands in question for the non-payment of taxes, the mortgagee's right of action was extinguished by payment. (*Belmont* v. *O'Brien,* 12 N. Y. 394; *Morey* v. *Farmers' Loan & Trust Co.,* 14 id. 302; *Fisher* v. *Mayor, etc.,* 67 id. 73–80.)

This presumption might be repelled by proof (1) of payment of some part, or (2) by written acknowledgment of such right of action within that period.

But no attempt in that direction was made. When payment is *prima facie* presumed from lapse of time, the presumption thus raised has the same force and legal effect as evidence, as though the fact were proved in any other manner. (*Morey* v. *Farmers' Loan & Trust Co., supra.*)

The jury were, therefore, permitted to find payment of the mortgage long prior to the date of the tax sale and, consequently, that there was no mortgagee entitled to the notice provided by statute. And in the disposition of this appeal it must be assumed that such fact was found.

The judgment should be affirmed.

All concur.

Judgment affirmed. _____