[No. 1102, March 2, 1906.]

BANK OF COMMERCE, Appellant, v. BAIRD MIN-
ING COMPANY, Ltd., Appellee.

## SYLLABUS.

1. The managing agent of a mining corporation has no implied power to pledge the credit of his principal by drawing and cashing bills of exchange, and if he does so it must be by reason of some special authorization.

2. One who discounts a bill of exchange drawn by the managing agent of a mining corporation in the name of the principal, without inquiring into the authority of the agent, does so at his peril.

3. A general finding of facts by the court where a jury is waived, is sufficient upon which to base a judgment and the court is not bound to make special findings in the absence of a request therefor.

Appeal from the district court of Bernalillo county, before IRA A. ABBOTT, Associate Justice. Affirmed.

WILLIAM B. CHILDERS, for appellant.

An action lies in a case like this for failure to accept drafts or to have them accepted and paid.

Exchange Bank v. Hubbard, 62 Fed. 112;
Merchants Bank v. Griswold, 72 N. Y. 474.

The court erred in failing and omitting to make findings of fact in said cause.

Compiled Laws, 1897, Sec. 2999.

Where one person holds another out as his agent with certain authority, he is liable for his acts on the ground of estoppel, whether he actually intends to be bound or not.

1 Am. & Eng. Ency. of Law, 959; Bron-
sons Executor v. Chappell, 12 Wall. 683.

The intention of the principal is immaterial.

Johnson v. Christian, 128 U. S. 374.

What the principal must do to avoid liability.

1 Daniels on Negotiable Instruments,
278 and 283.

Bank v. Mining Co.

And as to notice of agents mala fides Id. 284: General authority presumed to continue until its revocation is generally known. Id. 288 and 296. See also.

> 1 Am. & Eng. Ency. 761-2-3; Greenleaf on Evidence, Secs. 64 and 65; Story on Agency, 55; Lyell and Teller v. Sanbourn, 2 Mich. 109; 1 Mor. Min. Rep. 313; Adams Min. Co. v. Senter, 26 Mich. 73; 1 Mor. Min. Rep. 241-2.

Unless those with whom the agent deals have notice of the limitations of the agent's authority, the principal is bound by his acts within the reasonable scope of general authority.

> 1 Am. & Eng. Ency. of Law, 990; 90 Am. Dec. 657; Law v. Stokes, 3 Vroom, 249; Schimmenpennich v. Bayard, 1 Pet. 264-290.

An estoppel may arise from silence as well as words, whenever there is a duty to speak, and an opportunity to speak and silence is maintained.

> 11 Am. & Eng. Ency., pp 427-431.

The principal is bound by the acts of his agent within the scope of his apparent authority.

> 2 Morawetz on Priv. Cor. Sec. 593; Story on Agency, Secs. 17-126-127; Phila. etc. Ry. Co. v. Quigley, 21 How. 202; Weightman v. Washington, 1 Black, 39; Merchants Nat. Bk. v. State Nat. Bk. 10 Wall. 604; Orleans v. Platt, 99 U. S. 676; Southern Life Ins. Co. v. McCain, 96 U. S. 84; Union Mut. Life Ins. Co. v. Wilkinson, 13 Wall. 222; 2 Cook on Stock & Stockholders, and Cor. Law, Sec. 725; p. 1109 (3rd Ed.); Manville v. Belden, 17 Fed. 425; Stewart v. St. Louis, etc., Ry. Co. 41 Fed. 736; Russ v. Telfener, 57 Fed. 973; Woolen Mills v. Myers, 43 Mo. App. 124; Howell v. Graff, 25 Neb. 130; 41 N. W. 142; Wilson v. Beardsley, 20 Neb. 449, 30 N. W. 529.

As to who is general agent.

> Butler v. Maples, 9 Wall. 766; Lindroth v. Lichfield, 27 Fed. 894.

THOMAS N. WILKERSON, for appellee.

Third parties dealing with agents are put upon their guard by that very fact, and do so at their own risk.

> Vanada v. Hopkins, 1 J. J. Marsh, (Ky.) 287; Rust v. Easton, 24 Fed. 830; Chase v. Buhl Iron Works, 55 Mich. —; Rice v. Peninsular Club, 52 Mich. 87; Pierce v. U. S. 7 Wall. 166, 74 U. S. 169; Wheeler v. Northwestern Sleigh Co. 39 Fed. 347; Am. & Eng. Ency. (2nd Ed.) pp. 987-993-994 and 926; Owing v. Hull, 9 Pet. U. S. 607; Thunder v. Cecil Nat. Bk. 52 Fed. 513.

A principal cannot be bound by the acts of his agent when done outside of his actual or apparent scope of his authority.

> Edwards v. Dooley, 120 N. Y. 540; Smith v. James, 53 Ark. 135; Vedelins v. Martin, 11 Colo. 391; Ames v. Moir, 130 Ill. 583; Ditherage v. Henderson, 43 Kas. 685; Kane v. Barston, 42 Kas. 465; Harris v. San Diego F. Co. 87 Cal. 526.

Ratification of acts of agent without authority.

> Singer Mfg. Co. v. Belgart, 84 Ala. 519; Hurley v. Watson, 64 Mich. 531; Beebe v. Equitable Ass'n. 76 Iowa, 129; Eckart v. Roebern, 43 Minn. 291; Tate v. Marco, 27 S. C. 493; Enfer v. Roemer, 71 Wis. 11.

A mining superintendent cannot either by note or overdraft bind his principal.

> Breed v. First Nat. Bk. of Central City, 4 Colo. 481; The Union Bk. v. Mott. 39 Barb. 180; N. Y. Iron Mine v. First Nat. Bk. Negaunee, Albany Law Journal, 1878, p. 489; McCullough v. Mass. 5 Dennis. 567; Union Gold Mining Co. v. Rocky Mountain Nat. Bk., 2 Colo. 248 and 565; Fay v. Slaughter, 56 L. R. A., p. 564; Joseph Wheeler, v. McGuire, Scroggine & Co. 2 L. R. A. 808.

Verdict will not be set aside if there is any evidence to sustain it.

Beldon v. Baca, 2 N. M. 196; U. S. v. King, 7 How. 832; Craig v. State of Mo. 4, Pet. 410; Lynch v. Grayson, 7 N. M. 26.

### STATEMENT OF FACTS.

The Bank of Commerce is a corporaeion duly organized and doing a general banking business at Albuquerque, New Mexico. The Baird Mining Company, Limited, is a corporation organized under the laws of the Province of Ontario, Dominion of Canada, authorized to do business in this Territory and has been operating placer mines at Golden, New Mexico, where its property is situated. Some time in the year 1900, an account was opened with the Bank of Commerce by a Mr. Woodworth, the manager of the Baird Mining Company in New Mexico, in the name of Woodworth as manager, which account was kept open and deposits made and checks drawn against it in the ordinary course of business for some two years. In the meantime, Mr. Woodworth removed to Denver, the account standing with a small overdraft. On June 2nd, 1902, Mr. E. B. Ryckman, the secretary-treasurer of Baird Mining Company, wrote the bank as follows:

"Toronto, Canada, May 28th, 1902.

"Bank of Commerce, Albuquerque, N. M., U. S. A.

"Dear Sirs:—Enclosed you will please find New York draft for $250, which I shall be glad if you will place to the credit of the Baird Mining Co., Limited, and against which I understand that Mr. W. S. Rishworth, as manager of the company intends to draw.

"I shall also be obliged to you if you will be good enough to let me have a full statement, both debit and credit, of the account of the company with your bank to the present time. I know that this may mean some little labor on your part, but I shall esteem it a great favor if you will comply with my request.

"Yours very truly,

E. B. RYCKMAN,

"Secretary-Treasurer Baird Mining Company, Limited."

The money was deposited to the credit of the com-

pany as requested and a new account opened with the company direct and against this account Mr. Rishworth drew his checks as manager. Shortly after the receipt of the above letter and the opening of the last mentioned account, Mr. Rishworth commenced drawing sight drafts in the name of The Baird Mining Company by himself as manager through the Bank of Commerce, the first two or three were taken by the bank for collection and were paid upon presentation to Mr. Ryckman, in Canada. The others (some 10 or more) were credited at once to the company's account at Rishworth's request and sent on by the Bank of Commerce, through its New York correspondent as its own paper. These drafts were all paid by Mr. Ryckman, upon presentation and demand, except the last three for $150.00, $300.00 and $150.00, respectively upon which payment was refused by Mr. Ryckman, whereupon the drafts went to protest and it is for the money so advanced on these three drafts, with protest fees and interest that the bank brings this action. There was no other correspondence between the parties as to Rishworth's authority and there is no evidence that Ryckman or the company knew that the money on any of the drafts had been advanced to Rishworth before the same were collected. The proceeds of the drafts were drawn out by Rishworth on the company's checks but it is not clear that the money was used for the purpose of the company.

The district court found generally for the defendant Baird Mining Company, Limited, and rendered a judgment in its favor against the Bank of Commerce, and it appeals to this court.

### OPINION OF THE COURT.

MANN, J.—The only question involved in this case is whether the Baird Mining Company, Limited, is liable for the acts of Rishworth in drawing the three sight drafts in question and authorizing the bank to credit same to the company's account, or in other words whether Rishworth had the authority, or the seeming authority from the acts and conduct of the company, to pledge its credit to the bank.

There can be no doubt that the Baird Mining Com-

pany had held Rishworth out as its managing agent in New Mexico, and that it is bound by such acts as came in the direct scope of his authority as manager of the company, but a managing agent of a corporation, other than a cashier of a bank, has no implied power to bind the corporation by making, accepting or indorsing negotiable paper, and when such a power in him is claimed it must be sought for in some special authorization, or in such a continued exercise of it as amounts to a holding out of him, by the corporation as possessing it, raising the implication of it as a previous authorization or a subsequent ratification. 10 Cyc. 292; New York Iron Mine v. First National Bank, 39 Mich. 644; The Floyd Acceptances, 7 Wall. 666; 4 Thompson on Corp. Sec. 5746.

It is a well settled rule of law that those dealing with a known agent of a corporation or of an individual, do so at their peril, as to his authority, where the act is not within the regular scope of the ordinary power of an agent. In the Floyd Acceptance's 7 Wall. 666, Mr. Justice Miller lays down the rule as follows: "An individual may, instead of signing with his own hand, the notes and bills which he issues or accepts, appoint an agent to do these things for him. And his appointment may be a general power to draw or accept in all cases as fully as the principal could, or it may be limited authority to draw or accept under given circumstances, defined in the instrument which confers the power. But, in each case, the person dealing with the agent, knowing that he acts only by virtue of a delegated power, must, at his peril, see that the paper on which he relies comes within the power under which the agent acts."

The case of Bank of Deer Lodge v. Hope Mining Company, 3 Mont., 146, is a case somewhat similar to the case at bar, the question there being as to the right of an agent to draw a bill of exchange for his principal. Mr. Justice Blake, speaking for the court at page 150 (supra.) says: "Some of the principles, which are applicable to these questions have been announced by this court in the case of Herbert v. King, 1 Mont. 475. It was held that the principal is responsible for the acts of his agent, when they have been done within the scope of his authori-

ty, and that courts will not tolerate any enlargement of his liability. The bill shows that Alger claimed to be the agent of the respondent, and it was the duty of the officers of the appellant to ascertain the extent of his power before they discounted it. In Mechanics Bank v. N. Y. and N. H. R. R. Co., 3 N. Y. 631, Mr. Justice Comstock says: "Whoever proposes to deal with a security of any kind, appearing on its face to be given by one for another, is bound to inquire whether it has been given by due authority, and if he omits that inquiry he deals at his peril."

It is not seriously contended that Rishworth had any express authority to discount these drafts, or have them treated as cash items by having the bank advance the money upon them before they were presented for payment, but the contention of the bank is that the Baird Mining Company, having allowed him to do so in several instances, making no objection thereto and paying the drafts upon presentation, thereby ratifying such acts, held Rishworth out as having such authority and are estopped to deny it.

That the company might be bound by the unauthorized acts of its agent, if ratified by them with knowledge of his acts, or if they had knowingly indulged him in obtaining money by the method used, there is no doubt. Principals who knowingly permit their agents to pledge their credit repeatedly in a certain way, and receive the benefit of such acts, certainly should, and would be held responsible for such acts, but in the case at bar, while Rishworth had cashed several drafts exactly like the ones in controversy, the evidence shows that it was without the knowledge of the Baird Mining Company. The testimony of Mr. Strickler shows that no officer of the company ever was informed by the bank that it was advancing the money on these bills, before they were presented for payment and Ryckman, the secretary-treasurer of the company, swears positively that the company had no knowledge of such facts. There was nothing about the drafts so drawn which were paid, that indicated that they were cash items belonging to the bank and not merely held by it for collection.

We must conclude that the Baird Mining Company had no notice that Rishworth was cashing these drafts at the bank before presentation for payment and that the payment of some of them by Ryckman, its secretary-treasurer, without such knowledge was not a ratification of the acts of Rishworth.

Appellants assign as error that the court did not make special findings of fact and conclusions of law. as provided by Section 2999 of the Compiled Laws of **3** 1897. The attention of the trial court, however, was not called to this omission by the motion for a new trial or otherwise, and plaintiff will not be heard to complain of such omission here. Again Section 2999 of the Compiled Laws of 1897, is not mandatory. The supreme court of South Carolina has construed a statute of that state which in language is almost identical with Section 2999 as being directory merely, and not mandatory, Stepp v. National Association, 37 S. C., 417; Joplin v. Carrier, 11 S. C. 329; Briggs v. Briggs, 24 S. C., 377.

The judgment of the lower court in dismissing plaintiff's cause of action was right and is affirmed.

William J. Mills, C. J., John R. McFie, A. J., Wm. H. Pope, A. J., Frank W. Parker, A. J., concur.

Abbott, A. J., did not sit.