LEO WOHANKA and Another, Plaintiffs, *v.* HARVEY E. NELSON and Another, Defendants.

Supreme Court, Saratoga County, July 20, 1926

Vendor and purchaser — marketable title — action by purchasers to recover down payment — purchasers declined to accept deed where search showed two mortgages affect title to premises — mortgages more than fifty years old — no attempt was ever made to enforce them and no payments made on account — defendants showed continuous possession for fifty years — mortgages do not affect marketability of defendants' title — conclusive presumption of payment — plaintiffs not entitled to recover purchase money paid.

Plaintiffs, who agreed in writing to purchase defendants' farm at a stipulated price, cannot recover the purchase money paid on execution of the contract, on the ground that two mortgages on record affect the title to the premises,

where it appears that defendants and their predecessors in title have been in continuous possession of the mortgaged premises for more than fifty years, during which time no payments were made on account of the mortgage debt and no attempt to enforce said mortgages was made, since the mortgages neither constitute a lien against the property nor affect the marketability of defendants' title.

A mortgage more than twenty years overdue is presumed to be paid and does not constitute a cloud upon the title, unless a payment has been made in the interim. In this instance the debt being more than twenty years past due, there is a conclusive presumption of payment in the absence of evidence to the contrary.

ACTION by the plaintiffs to procure a judgment canceling a contract for the purchase of real property made by them with the defendants, and to recover a partial payment of the purchase price made at the time of the execution of the agreement.

*Will W. Smith,* for the plaintiffs.

*Edward S. Coons,* for the defendants.

HEFFERNAN, J. On May 9, 1922, the parties to this action entered into an agreement in writing by the terms of which the defendants agreed to sell, and the plaintiffs to purchase, a farm located in the town of Galway, Saratoga county, N. Y., for the sum of $2,000. By the provisions of this instrument the sum of $200 of the purchase price was to be paid at the time the contract was executed. The plaintiffs complied with that condition. A further payment of $1,000 was to be made on the delivery of the deed and the balance was to be secured by a mortgage upon the premises.

At the time appointed for the closing of title, the defendants tendered to the plaintiffs a deed, properly executed, containing the usual covenants of warranty, and also an abstract of the title to the property. From this search it appears that there are two mortgages on record affecting the title to these premises. One of these mortgages, in the sum of $1,000, is dated March 16, 1864, and was recorded in the Saratoga county clerk's office on May 20, 1864, and by its terms $500 of the principal indebtedness became due on the 1st day of April, 1865, and the remaining $500 on the 1st day of April, 1866. The other mortgage, dated September 7, 1864, and recorded in the Saratoga county clerk's office on September 10, 1864, was to secure a principal indebtedness of $550 and was to mature so that the entire indebtedness became due and payable five years after date. The search also shows that both mortgages were assigned to one Mott and the assignments were recorded on November 30, 1870.

The facts are not in dispute. The solution of this controversy depends on the validity of these mortgages. The plaintiffs con-

Supreme Court, July, 1926.          [Vol. 127

tend that by reason thereof the defendants' title is not marketable and that consequently they are entitled to be relieved from the agreement and to a repayment of the deposit. The defendants assert that the mortgages are not liens against the premises and that the objections to the title are not valid.

The plaintiffs rely on the general rule that a purchaser cannot be compelled to accept anything but a marketable title. It is unquestionably true that a purchaser will not be compelled to take title to property, the possession of which he may be obliged to defend by litigation, or to receive a title that is subject to probable claims by another so that it will not be reasonably free from any doubt which would interfere with its market value. (*Cerf* v. *Diener*, 210 N. Y. 156; *Chesebro* v. *Moers*, 233 id. 75.)

On the trial the plaintiffs offered no evidence to show that these mortgages were liens upon the premises at the time when they should have accepted the title. On the contrary, it appeared from the defendants' proof that they, and their predecessors in title, have been in continuous possession of the mortgaged premises for more than fifty years and that during that time no payment was made on account of the mortgage debt, and no recognition of them as subsisting obligations and no attempt to enforce them. These circumstances raise a conclusive presumption of payment in the absence of proof of payment of either principal or interest within that time. At the time appointed for the delivery of the deed, more than fifty-three years had elapsed after the mortgages became due. The debt represented by the mortgages being more than twenty years past due, consequently no action could have been maintained either upon the bonds accompanying the mortgages, or for the foreclosure of the mortgages unless within that period a payment of either principal or interest had been made upon the debt. An action upon a sealed instrument must be commenced within twenty years after the cause of action has accrued. (Civ. Prac. Act, § 47.) The debt being more than twenty years past due, there is a conclusive presumption of payment in the absence of evidence to the contrary. This was the rule of the common law and it has been frequently invoked and applied in this State so that it is no longer open to discussion. (*Ouvrier* v. *Mahon*, 117 App. Div. 749; *Paget* v. *Melcher*, 42 id. 76; *Forbes* v. *Reynard*, 113 id. 306; *Katz* v. *Kaiser*, 10 id. 137; affd., 154 N. Y. 294; *Mutual Life Ins. Co.* v. *United States Hotel Company*, 82 Misc. 632.) A mortgage, more than twenty years overdue, is presumed to be paid and does not constitute a cloud upon the title unless a payment has been made thereon in the interim (*Belmont* v. *O'Brien*, 12 N. Y. 394), and the burden rests on the person who refuses the title

to show such payment. When payment of money represented by a sealed instrument is *prima facie* presumed from lapse of time, the presumption thus raised has the same force and effect as evidence as though the fact were proved in any other manner. (*Martin* v. *Stoddard,* 127 N. Y. 61.)

It is apparent, therefore, that the mortgages in question do not constitute liens against this property and do not affect the marketability of the defendants' title, and the plaintiffs were not justified in declining to complete the purchase for that reason. Having broken their contract by not accepting the deed tendered, they are not entitled to recover the purchase money paid. (*Steinhardt* v. *Baker,* 163 N. Y. 410.) Defendants are, therefore, entitled to a dismissal of the complaint, with costs.

Judgment is hereby directed accordingly.