Walter R. Hart, J.
Petitioners, who are the assignees of a mortgage on certain premises, executed December 17,1959, move pursuant to section 340 of the Real Property Law for an order discharging of record a mortgage dated August 3,1931, executed by William and Sarah Zimmerman, as mortgagors, to Joseph Weissman, as mortgagee, in the sum of $3,000, with interest at the rate of 6% (payable according to bond). The date upon which the debt was payable is not recited. Petitioners then allege “ That to the best knowledge and belief of your petitioners, the said mortgage is paid, and such knowledge and belief is based upon the facts set forth in this petition and the evidence and the papers presented herewith.” No facts, however, are alleged to show the 1 ‘ knowledge and belief ’ ’ other than the allegations that the mortgagee died in 1931; that upon information and belief, no letters testamentary or administration were applied for; that no action was ever instituted for the enforcement of the mortgage, and that an action is now barred by the Statute of Limitations.
*1049 The allegation set forth in paragraph 4 and the other facts adverted to are not [sufficient compliance with the mandate of section 340 that the petition ‘1 shall allege that such mortgage is paid ”. The remedy afforded by the statute is summary in nature and the procedural prerequisites therein prescribed must be strictly complied with. The failure to allege that the mortgage has been paid renders the petition defective (Green Seal Realty Corp. v. Strack, 135 N. Y. S. 2d 46; Matter of Adesso, 69 N. Y. S. 2d 702).
Moreover, it does not appear that this is an “ ancient mortgage ” within the purview of article 10 of the Real Property Law. An ancient mortgage is one which has not been discharged of record within 20 years after the debt was due and is presumed to be paid, in the absence of proof to the contrary. (Martin v. Stoddard, 127 N. Y. 61.) Since it does not appear when the debt was due, the court is unable to determine whether the statute is applicable. Accordingly, the petition is denied without prejudice to the institution of a plenary suit pursuant to section 500 of the Real Property Law. Settle order on notice.