## John Hancock *versus* Zebedee Cook, Junior.

Where all the items of an account between the plaintiff and the defendant, as merchants, bore dates more than twenty years antecedent to the commencement of the action, it was *held*, that a small item to the debit of the defendant, dated within twenty years but at a time when the defendant had ceased to be a merchant, such item not being of a mercantile character, would not revive the whole account against the defendant.

In an action upon an account which, with the exception of an item of cash paid to the plaintiff by the defendant, was barred by the lapse of time, it was *held* that the original entry of such item by the plaintiff in his books, verified by his own oath, was not competent evidence to rebut the presumption, arising from the lapse of time, of the payment of the residue of the account.  [See Revised Stat. c. 120.]

ASSUMPSIT.  The writ was dated March 30th, 1835.  The defendant pleaded the general issue, which was joined ; and also *actio non accrevit infra sex annos*.  To the second plea the plaintiff replied, that the plaintiff and the defendant were merchants, and that the causes of action arose out of their mutual dealings and accounts, as merchants, and concerned the trade of merchandise.  The defendant, in his rejoinder, traversed these allegations ; and issue was joined thereon.

The plaintiff filed a bill of particulars, purporting to be an account current between the parties.  This account contained various charges against the defendant for flour, beef, mustard, rice, &c. sold to him during the years 1810 and 1811, amounting to the sum of $1706·73, and also the following charge : " 1815. Sept. 23.   Leads of Mustards, $16·00."   The defendant was credited in the account with promissory notes and

cash given or paid during the year 1811, amounting, with a small quantity of coal, to the sum of $ 1083·15. He was also credited with the following item : " 1816. Nov. 16. Cash for flour and mustard, $ 29·50."

The trial was before *Wilde* J.

The plaintiff, in order to prove the last items on the debit and credit side of the account, offered in evidence the corresponding entries in his books, verified by his own oath, that they were regular entries in his handwriting and entered at the time of their dates. This evidence was objected to by the defendant, but was admitted by the court.

Winslow Lewis, who was called as a witness by the plaintiff, testified that the defendant was a merchant, but became insolvent in the year 1811, and after having been at sea about a year, opened a private insurance office ; and that from that time to the present the defendant had been the president of an insurance company, or an insurance broker, and had not been engaged in mercantile pursuits for more than twenty-two years before the date of the writ.

The plaintiff contended, that the last items on the debit and credit side of the account were a continuation of the account of 1810 and 1811, so as to bring the whole account within twenty years ; and that the item of credit in 1816, of $ 29·50, being more than sufficient to balance the item of $ 16 in 1815, was such a payment towards the former account, as would be equivalent to an acknowledgment of the debt.

The judge instructed the jury, that if they thought that the two last items in the account were between the plaintiff as a merchant and the defendant as his customer, and not between merchant and merchant, then the transaction must be considered the commencement of a new account, and not a continuation of the old account, so as to bring it within twenty years ; that if the jury thought the payment of the sum of $ 29·50, made by the defendant to the plaintiff in 1816, was for specific items in the account of 1810 and 1811, which were not of such a character as would fall within the exception of merchants' accounts, such payment would not be, in law, an acknowledgment of the other items of the account, so as to prevent or avoid the presumption of payment arising from the lapse of twenty years.

Hancock
*v.*
Cook.

The jury found, that parcel of the demands in the declaration contained, were within the exception of merchants' accounts, and as to these, the jury found that the same had been paid to the plaintiff; and as to the residue of the items constituting the plaintiff's demand, they found, that the defendant never promised.

The plaintiff moved for a new trial on account of the instructions of the court.

*March 12th.* *Gardiner* and *Hancock*, for the plaintiff.

*Parsons* and *Stearns*, for the defendant, cited *Rose* v. *Bryant*, 2 Campb. 321 ; 2 Phillipps on Evid. 137 ; 1 Stark. on Evid. 311 ; 3 Dane's Abr. 318 ; *Bosworth* v. *Cotchet*, cited in Wilkinson on Limitations, 99 ; *Prince* v. *Smith*, 4 Mass. R. 455.

*March 21st.* SHAW C. J. delivered the opinion of the Court. Several questions were raised and argued in the present case, which we have not thought it necessary to consider, because there is one point which we are of opinion is decisive of the case. It is not denied, that if an account has been closed more than twenty years and no dealings have occurred within that time, a presumption of payment arises as well where the account is between merchants, as in the case of other accounts. It is manifest that this account, except one item on the debit side, and one on the credit side, had existed more than twenty years before the action was brought. The item on the debit side could not be considered as reviving and drawing down the account, because it was a small item, not apparently of a mercantile character, and more especially as the defendant had then ceased to be concerned in trade. The balance being then much against the defendant, this charge was not necessarily to be considered as an item in the old account, but rather the commencement of a new account, as between merchant and customer.

It then rests solely on the item of credit entered by the plaintiff himself in his books, and the books verified by his own suppletory oath, according to the usage of Massachusetts and some other of the New England States.

It is contended, that this is like the case of a security apparently barred by the statute of limitations, but having an in-

Hancock<br>*v.*<br>Cook.

dorsement thereon, purporting to have been made within six years before the action brought, which has been considered evidence to go to the jury, to avoid the operation of the statute of limitations, and rebut the presumption of payment. But the correctness of this rule has been much questioned, and it has been construed strictly and allowed with considerable limitations. It has been considered evidence to go to the jury, to consider whether the payment was in fact made at the time which the indorsement imports. The jury are to inquire into all the circumstances, and to ascertain from them, whether the indorsement was made at the time of its date. In Lord Tenterden's act this rule was in effect repealed.*

But without affecting that rule, we think the plaintiff's credit entry in his own book, verified by his own oath, is not competent evidence to prove a payment on account at that time, to rebut the presumption of payment arising from the lapse of twenty years. It would be carrying a rule, allowing a party to make evidence for himself, much further than it is carried, by allowing an indorsement to be received as evidence of payment. An indorsement is nominally a substitute for, and in nature of, a receipt given to a party, and put upon the security so as to discharge and extinguish it, *pro tanto.* But the admission of the evidence relied on here would be extending a rule, peculiar to this Commonwealth, of very questionable propriety, contrary to the rule and the policy of the common law, and one which courts have always been disposed to restrain within the limits prescribed to it by the usage in which it was founded. This evidence being inadmissible, a new trial must be wholly unavailing, and therefore there must be judgment on the verdict for the defendant.

---

* It is now repealed in Massachusetts. *St.* 1834, c. 182, § 3; Revised Stat. c. 120, § 17.