## No. 2627.

## L. A. BENOIST et al. *v.* THOMAS MARKEY, Tutor, et al.

The prescription of three years set up against a suit for settlement of the affairs of a partnership is not applicable when no settlement of its business and no adjustment of the liabilities of the copartners among themselves have taken place.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud,* J. *H. O. Miller* and *Thos. Hunton,* for plaintiffs and appellees. *Spofford, Wooldridge & Thomas,* for defendants and appellants.

Justices concurring: Ludeling, Taliaferro and Howell.

TALIAFERRO, J. This is a suit for the settlement of a partnership. The partners were Benoist, Shaw, Murphy and Newman, and the partnership was entered into in 1859 for the purpose of doing business in exchange in New Orleans. It seems that Benoist and Shaw furnished the capital and the other two contributed their industry and skill in the business they engaged in; the shares respectively in profits and losses were fixed by a written act passed before a notary public.

The war coming on soon after the parties went into business, they were unsuccessful in their operations, and sustained heavy losses. Shaw died in 1863. Benoist, Newman and Murphy became the liquidators of the firm, and so continued until July, 1865, when Murphy died and Benoist and Newman became the liquidators. So matters stood until April, 1866, no final settlement having been made, the present suit was instituted by Benoist and the administrator of Shaw's estate. A receiver was appointed upon the application of the parties. A litigation of several years duration ensued. During this period Benoist and Newman died, and the contest was continued by the executor of Benoist and the administrator of Newman's estate. Experts were appointed by the court to investigate the books and affairs of the partnership, and having complied with the order of the court they made their report and exhibit. The receiver also made a report to the court. Judgment was rendered decreeing that the executor of Benoist recover from the tutor of the minor heirs of Murphy and from the estate of Newman *in solido* the sum of $7015 15 as the proportional amount of the loss of Benoist upon his capital which has to be sustained by Murphy and Newman's estates.

In like manner the judgment awarded against the estates of Murphy and Newman *in solido* in favor of Shaw's administrator the sum of $4687 70, as the proportional amount to be borne by these estates on account of the loss sustained by Shaw upon the capital invested by him. From this judgment appeals were separately taken by the tutor of the minor heirs of Murphy and the administrator of Newman's estate.

Benoist et al. v. Markey, Tutor, et al.

In this court, by consent of parties, the appeal taken in behalf of Murphy's heirs was dismissed.

The appellees ask that the judgment be amended so as to make each of the appellants bound for the amounts expressed and not a judgment *in solido* which might be discharged by payment by one.

The prescription of three years set up against the suit for settlement of the partnership affairs is not applicable, no final settlement of its business and no adjustment of the liabilities of the copartners among themselves having taken place. There are several bills of exception in the record taken to the admission of certain documents and letters in evidence which it is unnecessary to consider in deciding this case.

No exception was taken to the report of the experts appointed by the court to examine the books and papers of the partnership, which seems to fairly show the state of the business of the firm, its assets, liabilities, etc., and it appears to form the basis on which the judge below rendered his decision. There is no brief on the part of the appellants and no assignment of errors. There appears to us no error in the judgment except that pointed out by the appellees, and which must be corrected.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed.

It is further ordered that the executor of Benoist recover from the estate of Newman seven thousand and fifteen dollars and fifteen cents; and in like manner that the administrator of Shaw's estate recover from the estate of Newman the sum of four thousand six hundred and eighty-seven dollars and seventy cents, and all costs of suit.

Rehearing refused.