WILLIAM H. DWINELLE, Respondent, v. ALBERT R. EDEY, Appellant.

The complaint in this action set up a copartnership agreement, between the parties, under seal, bearing date April 22, 1869, which contained a covenant "that all losses happening to said firm * * * and all expenses of the business shall be borne by the said parties in equal proportion." The complaint then alleged in substance the expiration of the partnership agreement; an application of all its property and assets to the payment of its debts; that the business had resulted in large losses, which had been paid by plaintiff, and that defendant had failed to pay his one-half of the losses and expenses. An accounting and payment of said one-half was demanded. The defendant pleaded the statute of limitations. *Held*, that the action was upon a sealed instrument within the meaning of said statute (Code of Civ. Pro., § 381); not an equitable action for contribution merely; and so that the twenty years limitation applied.

*Peters* v. *Delaplaine* (49 N. Y. 362), distinguished.

(Argued April 2, 1886; decided June 1, 1886.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made January 21, 1884, which reversed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term, and which granted a new trial. (Reported below, 12 Daly, 253.)

This action was based upon a copartnership agreement under seal between the parties, dated April 22, 1869, which contained among others the following provisions:

" Whereas, it is the intention of the said parties to form a copartnership for the purpose of prosecuting the business of slaughtering and rendering cattle, and the various branches of the same, at or in the vicinity of Corpus Christi, Neuces county, State of Texas, under a license, made for that purpose, by Thomas Mara Fell, patentee, under the laws of the United States, for which purpose they have agreed on the following terms and articles of agreement, to the faithful performance of which they mutually bind and engage themselves, each to the other, his executors and administrators:

" FIRST. The style of the said copartnership shall be " Edey & Dwinelle," and it shall continue for the term of three years from the above date, except in case of the death of either of the said parties within the said term, or the same be sooner dissolved by mutual consent.

" SECOND. The said Dwinelle agrees to supply to said firm the sum of $11,000 (in all) in cash, as it may be required, from time to time, to pay for the erection and construction of the necessary works, appurtenances, etc., for the transaction of said business.

" THIRD. It is mutually agreed that said business shall be carried on until such time as the net profit thereof shall equal the said sum of $11,000 ; when the said sum of $11,000 shall be repaid to said Dwinelle, or his legal representative, in discharge of said loan to said firm by him.

" FOURTH. After such repayment of said loan the interest of the said parties in the said copartnership shall be as follows : In the proportion of three-fifths to the said Albert R. Edey and of two-fifths to the said William H. Dwinelle, of the net profits of the business, after deducting all the expenses connected therewith. After the repayment of said loan the said parties shall be owners of their joint stock in equal proportions, and in case of any addition being made thereto, by mutal consent, the same shall be contributed equally ; and all losses happening to the said firm, whether from bad debts, depreciation of goods, or any other cause or accident, and all expenses of the business, shall be borne by the said parties in equal proportions."

The court found that the parties carried on business under said articles of agreement, and the plaintiff advanced the sum provided by said partnership agreement. That the business proved unprofitable and was wound up in the month of December, 1869 ; and that thereafter and on or before June 30, 1870, the plaintiff, in addition to said $11,000, paid and expended moneys for said firm in its business. That before the commencement of this action payment of one-half said sums, paid by plaintiff on account of the copartnership, was

demanded of the defendant, who refused to pay the same or any part thereof.

The action was commenced in 1883. The defense, among other things, was the statute of limitations, and the trial court held that the action was barred by the statute.

Further facts appear in the opinion.

*Aaron J. Vanderpoel* and *John M. Bowers* for appellant. As there is no agreement in the alleged articles of copartnership to contribute, plaintiffs' cause of action arises from the implied contract existing between the parties to contribute, and should have been brought within six years. (Code, §§ 382, 388; *Codman* v. *Rogers*, 10 Pick. 111; *Bommer* v. *Am. Spiral Co.*, 44 N. Y. Sup. Ct. 454; 81 N. Y. 468; *Peters* v. *Delaplaine*, 49 id. 362, 372; *Loder* v. *Hatfield*, 71 id. 92; *Coleman* v. *Second Ave. R. R. Co.*, 38 id. 201, 204; *Jackson* v. *Sackett*, 7 Wend. 94; *Heyer* v. *Pruyn*, 7 Paige, 465; *Borst* v. *Corey*, 15 N. Y. 505; *Penniman* v. *Vinton*, 4 Mass. 276-7; Angell on Lim., § 69.) An action for a copartnership accounting should be brought within six years. (*Atwater* v. *Fowler*, 1 Edw. Ch. 417; *Murray* v. *Coster*, 20 Johns. 576; *Humbert* v. *Trinity Church*, 24 Wend. 587; *Borst* v. *Cory*, 15 N. Y. 505; *Dodge* v. *Essex Co. Ins. Co.*, 12 Gray, 65; Woods on Lim. 116; *Colter* v. *Colter*, 1 Rob. [Va.] 79; *Wilhelm* v. *Caylor*, 32 Md. 151; *Kelly* v. *Kelly*, 3 Barb. 419; *Appelby* v. *Brown*, 24 N. Y. 143.) Plaintiff should not be allowed by coming into equity to extend the time that he would have on the law side of the court. (*Knox* v. *Guy*, L. R., 5 H. of L. 656; *Noyes* v. *Crawley*, L. R., 10 Ch. Div. 31; *Coster* v. *Murray*, 5 Johns. Ch. 522; *Loder* v. *Hatfield*, 71 N. Y. 97; *Carr* v. *Thompson*, 87 id. 160; *Lawrence* v. *Trustees L. and W. Orphan Asylum*, 2 Denio, 577; *Atwater* v. *Fowler*, 1 Edw. Ch. 417.) Statutes of limitations are founded on sound policy and are statutes of repose, and not to be evaded by construction. (*Dickinson* v. *McGarny*, 5 Ga. 486; *McCarthy* v. *White*, 21 Cal. 495.) The moment that the plaintiff paid the copartnership debts, his

cause of action accrued; they ceased to be copartnership debts. (*Gandolfo* v. *Appleton*, 40 N. Y. 533; *Millerd* v. *Thorne*, 15 Abb. [N. S.] 377; 56 N. Y. 402.) The action is for money laid out and expended, and the sealed instrument is only evidence to charge the defendant with his part of it. (*Wright* v. *Butler*, 6 Wend. 284; *Baker* v. *Martin*, 3 Barb. 634.)

*Herbert G. Hull* for respondent. The twenty years' limitation prescribed by section 381 of the Code of Civil Procedure (§ 90, Code of Pro.) applies in terms to an action upon a sealed instrument. (*Peters* v. *Delaplaine*, 49 N. Y. 370; note to § 381, Code, of Civ. Pro. [Throop's ed.]; *Glover* v. *Tuck*, 24 Wend. 153–158; *Madge* v. *Ping*, 12 Hun, 15.) This action is brought directly upon the covenant to pay one-half the losses and expenses of the business and, upon proof of the breach, the plaintiff is entitled, as matter of strict right, to recover. (Com. Dig., tit. Cov. [A 1]; *Jones* v. *Butler*, 87 N. Y. 616.) The law does not imply promises upon covenants or sealed agreements. (*Frey* v. *Johnson*, 22 How. Pr. 316; *Hall* v. *Dean*, 13 Johns. 105; 1 Chit. Pl. 109; *Sampson* v. *Easterly*, 9 Barn. & Cress. 505; *Salton* v. *Houston*, 1 Bing. 433.) If a man acts contrary to the intention of a covenant it is a breach. (Com. Dig., Covenant [*E* 2].) The doctrine of contribution is not founded upon an implied promise to pay. It is not founded upon contract at all, but rests on the principle that equality of burden as to common right is equity. (*Aspinall* v. *Sacchi*, 57 N. Y. 335–6; *Norton* v. *Coon*, 3 Denio, 130; *Deering* v. *Earl of Winchelsea*, 2 Bos. & Pul. 270; *Peniman* v. *Vinton*, 4 Mass. 276; *Bommer* v. *Am. Spiral, etc., Co.*, 44 Sup. Ct. 454; affirmed, 81 N. Y. 468.) To make the action for contribution analogous to the present, it will require a covenant between the parties to bear equally in some definite proportions the burden of the obligation. (Burge on Suretyship, 382; *Burr* v. *Stenton*, 43 N. Y. 462; *Miller* v. *Watson*, 5 Cow. 195.) Where a partnership is formed by indenture or an instrument under seal *prima facie*, all actions for accounting between the parties must be predicated directly upon the

articles and will not be barred until twenty years have elapsed. (Wood's Lim. of Actions, § 72; *Foster* v. *Allanson*, 2 T. R. 479; *Gilson* v. *Stewart*, 7 Watts, 100; *Anon.*, 2 T. R. 128–9; 1 Chit. Pl. 94; *Andrews* v. *Montgomery*, 19 Johns. 162–6.) It does not follow because the parties agreed that the first profits, amounting to $11,000, should be applied to the repayment of that sum advanced by the plaintiff, that if there were no profits the loan was not to be repaid, nor in any case of loss that the defendant should not share it with the plaintiff. (*Neudecker* v. *Kohlberg*, 3 Daly, 407; Broom's Legal Maxims, 577, 580.) It could not be claimed that there was no partnership. (*Frey* v. *Johnson*, 22 How. 316; *Douglass* v. *Waer*, Anthon's Nisi Prius, 179; *Weaver* v. *Bentley*, 1 Caines, 47; *English* v. *McNair*, 34 Ala. 40; *In re Denny*, 8 Ired. Eq. 427; 1 Wait's Actions and Defenses, 126.)

FINCH, J. We are content with the determination of the General Term that the written agreement of the parties created a copartnership from its date, and that such relation was not postponed or intended to be postponed until a period when the business profits had fully reimbursed the plaintiff for his advances. While all such profits were at first applicable to the debt, the latter was a debt of the firm, due to one of its members; the advance was to the copartnership and for its business purposes; and the contract which limits its duration to three years plainly indicates the moment of its beginning by the words "three years from this date."

The further question in the case, as to the statute of limitations, and what lapse of time is a bar to the action, depends upon a correct interpretation of the provisions of the Code, and upon the substantial character of the action. The contract of copartnership was under seal. It fixed and settled the respective interests of the parties in the capital stock, and contained an express covenant that " all losses happening to said firm, whether from bad debts, depreciation of goods, or any other cause or accident, and all expenses of the business shall be borne by the said parties in equal proportions." This language

is criticised as not amounting to a covenant to pay losses to the partner who has been compelled to overpay his share. But that is an interpretation quite too technical and narrow. Each party covenanted with the other to bear his specified proportion of the losses, and that he does not do when he omits to pay his just share to the partner who has been compelled to overpay. The covenant amounts to an express agreement to reimburse to the paying partner the excess above his share, for, when the creditors have been paid by one, a proportion of the losses can only be " borne " by the other through a payment to the partner who has advanced the whole. In the emergency which happened, the covenant amounted to an express agreement to reimburse the partner paying in excess of his share. Upon this covenant the complaint founded the cause of action pleaded. After averring the partnership agreement it alleges its expiration by the terms of its own limitation; that all the property and assets of the firm had been applied to, and exhausted in, the payment of debts; that all of these except the sums due to the plaintiff had been paid by him with the aid of the partnership property; that the business had resulted in large losses; and that the defendant had " failed to pay one-half of the losses and expenses incurred in said business as he agreed to do in and by said copartnership agreement." The relief demanded is an accounting and the payment of the sum to be so ascertained which the complaint alleges is in excess of $27,000. So that on the face of the pleadings there was stated as the substantial cause of action a covenant under seal, its breach, and damages resulting beyond a certain amount, to ascertain which an accounting was needed. The pleader vested the plaintiff's right upon the covenant and its breach, claiming the resultant damages as an absolute right, and seeking the aid of equity only that the amount might be more conveniently ascertained.

We concur in the opinion of the General Term that this was a cause of action founded upon a sealed instrument, within the meaning of the limitations prescribed for the commencement of actions. (Code, § 90; Code of Civ. Pro., § 381.) The argument to the contrary rests mainly upon the theory that the action is

an equitable one for contribution, and founded not upon the sealed agreement, but upon the doctrines of equity operating upon a given relation, and reaching a just result out of regard for justice, and irrespective of any contract of the parties to that effect. The fact of the partnership is said to be alone material, and it is not of the least consequence whether that fact be evidenced by a sealed contract, an unsealed writing, or a verbal consent. The argument is very strong, if the action may be correctly treated as one for contribution. But that action fitly reaches an emergency not here existing. It takes care of a case in which the parties have not fully taken care of themselves. From the partnership relation it evolves certain unexpressed and uncovenanted duties as mutually intended by the fact of the relation, and is at least needless where the parties themselves have stipulated as to all such duties in detail, and bound themselves by express covenants for their performance. When that occurs, and the action may rest upon an express covenant purposely made, and is brought explicitly upon it, there seems to be no sound reason for turning it into an action for contribution merely. That is not needed to sustain a recovery, and in face of the sealed covenant, and the plain choice of the plaintiff to stand upon it, we think it ought not to be treated as an action for contribution such as the appellant claims. The cases cited to that effect were those in which, without the aid of doctrines peculiar to equity, there was no cause of action. The subject was very fully discussed in *Peters* v. *Delaplaine* (49 N. Y. 362), which was an action for specific performance. In such an action equity acts, or withholds its aid upon grounds peculiar to itself. A covenant to convey does not give an absolute right to a conveyance, and an action seeking that relief depends upon other circumstances than the covenant, and lies in the equitable discretion of the court. In the present case, however, the covenant and its breach gives the absolute right to a recovery of the resultant damages, and it is only in the mode of ascertaining them that equitable aid is found useful. The substance of the action is to recover damages for a breach of covenant, and is founded upon the

sealed instrument. The illustration suggested by the learned trial judge of the nature of the action between joint obligors in a bond where one has paid the whole debt may serve still further to elucidate our conception of the true rule. He says very correctly that the liability *inter sese* does not depend upon any covenant or contract between themselves. Their sole expressed contract is to pay the obligee. But suppose that in the bond there was inserted an express covenant running, not to the obligee, but to each other, to bear respectively one-half of the debt. In such a case their mutual liability would depend upon no equitable doctrine, but be fixed by an expressed covenant, which would by itself sustain and support the right of action. The covenant here is of that character. It is not one running to the creditors, as is the covenant of the ordinary bond, but one running to each other, and establishing their rights and duties as between themselves. The General Term, therefore, was correct in saying that the limitation of twenty years was applicable to the action.

The order should be affirmed, and judgment absolute rendered for the plaintiff upon the stipulation.

All concur, except RAPALLO and ANDREWS, JJ., dissenting.

Order affirmed and judgment accordingly.