HENRY W. GRAY, Respondent, *v.* GEORGE T. GREEN, Appellant.

The parties, prior to 1871, were copartners; in that year the firm was dissolved by mutual consent and plaintiff was by the agreement of dissolution, made the liquidating partner. In this action, brought in 1884 for an accounting, etc., the complaint alleged that upon the dissolution the defendant retained possession of firm assets exceeding in amount his partnership interest, which excess was due and payable to plaintiff. Defendant's answer denied these averments and alleged that a settlement was made at the date of the dissolution, and also set up the Statute of Limitations as a defense. *Held*, that the action was barred by the statute; that plaintiff, by the agreement, became the authorized agent of the partnership, and as such, it was his duty to collect and realize its assets; that the claim against the defendant was an asset, and so, it was plaintiff's duty to collect it; that the cause of action, therefore, accrued immediately upon the dissolution.

The distinction between such a case and one where an action is brought against the liquidating partner, or where an action is brought against the estate of a deceased partner pointed out.

*It seems* that in the case of a liquidating partner, he is entitled to a reasonable time within which to perform the duties of his trust, and until its expiration, a right of action against him does not accrue.

*It seems* also that in the case of a deceased partner, a cause of action against his estate for contribution does not accrue until the partnership business has been so far settled as to demonstrate the need of contribution and indicate the amount required.

*Hammond* v. *Hammond* (20 Ga. 556), disapproved.

(Argued December 8, 1890; decided January 13, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order

made May 20, 1889, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought in 1884, for an accounting of the partnership affairs of the firm of H. W. Gray & Co., which was composed of the plaintiff and defendant.

The facts, so far as material, are stated in the opinion.

*Charles C. Suydam* for *appellant. The action is barred by the Statute of Limitations. (Code Civ. Pro. § 288 ; 2 Lindley on Part. 964 ; *Loder* v. *Hatfield,* 71 N. Y. 92 ; *Mills* v. *Mills,* 115 id. 84.)

*Charles C. Shelton* for respondent. The action is not barred by the Statute of Limitations. (Code Civ. Pro. § 288.) All the facts found by the referee in his report being supported by the evidence, they will not be disturbed by this court on appeal. (*Hoffman* v. *DeGraff,* 23 Wkly. Dig. 394; *Bishop* v. *Stebbins,* 41 Hun, 248 ; *Roosa* v. *Smith,* 17 id. 138 ; *Stickney* v. *Mathes,* 24 id. 461 ; *Laidlaw* v. *Slayback,* 23 Wkly. Dig. 250.)

FINCH, J. The only question presented for our consideration is whether the plaintiff's cause of action was barred by the Statute of Limitations. That the parties litigant were partners in 1870, that a dissolution by mutual consent occurred in the next year, and that plaintiff became by agreement the liquidating partner, are the fundamental facts about which there is no dispute. More than ten years after that dissolution this action was brought by the liquidating partner for an accounting and payment of such balance as should be ascertained. The complaint alleges that upon the dissolution the defendant had become possessed of and retained assets of the partnership exceeding in amount his partnership interest, and that such excess, to be ascertained on an accounting, was due and payable to the plaintiff. Of course, if this cause of action accrued immediately upon the dissolution, if it could have been asserted on the next day effectively, and could not then

have been defeated as premature and without adequate foun-
dation, the postponement beyond ten years was fatal, and the
judgment obtained and affirmed by the General Term should
be reversed.

The right to an accounting and settlement may accrue upon
the dissolution, and does accrue at least where some material
necessity exists, and no other fact or circumstance bars or
postpones the remedy.    That debts are outstanding and unpaid,
and assets unconverted and unrealized, is no necessary diffi-
culty, for a receiver may be appointed to wind up the busi-
ness, and the rights of the parties as against each other be
accurately adjusted, so perfectly that at the close of the
receiver's duties, what each party is to receive of a surplus, or
ought to contribute to a deficiency, will remain merely a mat-
ter of arithmetical computation.    Such a judgment, too, may
provide for contingencies and emergencies, and permit future
applications accordingly if required by the turn of events.    It
is not denied by the General Term that such an action may be
brought immediately upon the dissolution where neither party
is made liquidator by agreement, where their rights clash from
an essential difference, and a receiver is asked for to serve in
that capacity ; but it is claimed that a different rule applies
where one of the partners is appointed by the rest to wind up
the business and so no receiver is needed.

Undoubtedly there are cases of that character and governed
by that rule, and many of them are cited by the appellant and
in the opinion of the General Term.    But they stand upon
grounds which have no relation to the present case.    Some were
actions brought against the liquidator to review his conduct
and settle his accounts.    He became by force of his appoint-
ment a sole trustee for the partners, and held the assets exclus-
ively, but subject to a due performance of his trust.    In that
capacity he was entitled to a reasonable time within which to
perform the work to which he had been assigned ; and for
partners voluntarily to make him a trustee on one day and call
him to account as such the next for acts which he had been
allowed no opportunity to perform or omissions which were

inevitable and blameless, would be almost absurd. And, therefore, when an action is brought against a liquidator as such for an accounting, the plaintiff must wait a reasonable time before his right of action can at all accrue. So also, where the suit is against the estate of a deceased partner for contribution; since the very nature of the remedy invoked implies that the business has been so far settled as to demonstrate the need of contribution and indicate the amount required. But these reasons and necessities have no proper application to a case in which the action is brought by the liquidating partner and not against him; and where, not his account as trustee merely is to be settled, but the accounts of all the partners with each other. That was the situation here. The liquidator, by the agreement, became the authorized agent of the partnership to wind up the business. As such agent it was his duty to collect and realize the assets of the firm and turn them into money. One of the partners was debtor to the partnership. He had largely overdrawn his account, and very much beyond what his interest in the partnership profits could possibly repay. The duty of the liquidator is to collect that asset. He owes that duty to the creditors as well as to himself, and is not bound to wait until, perhaps, the defaulting partner becomes bankrupt, but may proceed at once and maintain an action for the settlement of the partnership affairs in which the overdraft may be established and realized. Why should he not? His right of action is not based upon his own conduct subsequent to the dissolution, but upon his right as partner and liquidator, and that right exists at the moment of dissolution, and is in no sense the mere product and result of after-occurring events.

If we examine the issues framed by the pleadings more narrowly, I think we shall see that the cause of action accrued at the date of the dissolution, even if it should be held that no right to an accounting flows from that fact alone. There were assets enough to pay the debts. The whole capital was nearly exhausted in that process, and was almost entirely contributed by the plaintiff. He claimed that a large amount had been

overdrawn by the defendant which should be restored to the firm and to the depleted capital. That claim the defendant denied, and insisted that a settlement was made at the date of the dissolution. What had uncollected or unpaid debts to do with this radical disagreement which existed immediately upon the dissolution? On what principle can it be said that plaintiff's cause of action did not at once accrue? Suppose that he had sued at that date, and served the identical complaint before us, and the defendant had demurred upon the ground that it contained no cause of action, can we imagine ourselves sustaining that demurrer? The parties disagreed; that disagreement was vital and substantial, and either party had a right to bring it at once to a determination.

The doctrine of the General Term rests, as I understand it, solely upon the force and effect of the voluntary agreement which conferred the power and duty of liquidation upon the plaintiff. The court says that such agreement places in his hands the unfinished business of the partnership and its management and adjustment, and if an action had at once been brought the agreement would have been a defense. But I think the result asserted flows from a misunderstanding of the true scope and range of the agreement. Did anyone ever suppose that it remitted to the judgment and decision of the liquidator the rights of the partners as between themselves, or that it put a stay of proceedings upon an inquiry as to those rights? They are outside of the agreement; they do not depend upon it, and as rights are wholly unaffected by it. The agreement relates to the assets, their collection and disbursement, and the chosen liquidator may be entitled to a reasonable time for the performance of that duty before being called to account for the manner of its performance or the consequences of its non-performance, but that fact cannot affect the right of either partner to have an accounting between themselves where they disagree about their respective rights in the assets, whether collected or uncollected, and especially where one stands debtor to the partnership and yet denies the debt.

I have examined all the cases which were cited in the opinion of the General Term. Among them I have found but one which upholds the doctrine asserted. The others were cases of contribution, or actions against the liquidating partner, or, as in Virginia, dependent upon the peculiar words of statutes, or were disposed of upon grounds immaterial to the present inquiry. But the case of *Hammond* v. *Hammond* (20 Geo. 556) does appear to go even beyond the doctrine of the General Term, and was a case where, as here, the liquidating partner sued. The court held that no accounting could be had by either partner as against the other so long as any business of the partnership remained to be done, and put the doctrine upon the ground of agency, arguing that each partner was agent for the other, and the agency could not be settled until it ended. But the partners had relative rights, one against the other, founded upon the partnership, and upon what happened prior to the dissolution and before the new and much narrower agency flowing from that event even came into existence; and we think it would be a very dangerous and disastrous doctrine to hold that those rights must be left in jeopardy and at odds, and equity be powerless to settle them until the last doubtful debt should be collected or abandoned.

While, therefore, we do not say at present that the bare fact of a dissolution at once gives a right to an accounting where one or more partners have been appointed liquidators, we do say that the additional facts alleged in this complaint would have enabled the plaintiff to have maintained his present action at once upon the dissolution. Granting that the defendant's interest in profits could equitably reduce his overdraft and that the amount of profits, and so, his interest in them would be affected by the total of debts and the soundness of assets, and yet his overdraft remained due *instanter* to the partnership, which he was liable at once to pay; which he ought at once to pay; which the liquidating partner, as such, was entitled immediately to realize and receive. The facts show that he needed it even for the purposes of the trust. The assets

proved insufficient to pay the debts without realizing the sum due from the defendant. The plaintiff's counsel admits that fact, and asserts it as a reason for delay in collections which could only be made by incurring expenses. The right of the liquidating partner to an accounting, with a view to demonstrate and collect the overdraft, accrued, therefore, at once upon the dissolution.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.