WILLIAM W. GILMORE, Appellant and Respondent, v.
EDWARD E. HAM, Appellant and Respondent.

*Partnership — when one partner paying a claim may recover one-half thereof from his copartner — when no accounting is necessary — an appeal will not lie from a " decision."*

The complaint in an action alleged, and the answer did not deny, that, in 1864, the parties to the action formed an equal copartnership which borrowed money, in 1866, from one Sarah E. Ham, the defendant's wife, upon the firm note; that, in 1869, the plaintiff departed from the State of New York and left in the hands of the defendant all the firm assets; that the defendant published a notice to the effect that he would settle all indebtedness existing in favor of and against the firm; that he did not pay said note; that, in 1886, Sarah E. Ham brought an action upon said note and recovered a judgment against the plaintiff, the whole of which the plaintiff was compelled to pay.

Upon the trial it was shown that the firm assets far exceeded the firm debts.

*Held*, that the plaintiff was entitled to recover one-half of said judgment, in favor of Sarah E. Ham, paid by him.

That the defendant's claim that plaintiff could recover only after an accounting, an action for which was, as alleged, barred by lapse of time, was not tenable.

That defendant having the assets with which to pay the debts of the firm, that it was his duty to do so; that he held said assets, which were sufficient for that

---

* The other cases of this term which have been reported will be found in the previous volume (60 Hun).

purpose, in trust, and that under the circumstances neither the six nor the ten-years statute of limitations was a defense to plaintiff's claim for a repayment of one-half of said judgment.

That such payment by the plaintiff must be regarded as an isolated transaction not involving, so far as the defendant was concerned, an examination of the partnership accounts.

An appeal must be taken from the judgment in an action, and there is no authority sustaining an appeal from a part of a decision, based "upon the exceptions to such decision," and such an appeal must be dismissed.

APPEAL by the defendant Edward E. Ham from a judgment, entered in the clerk's office of Onondaga county on the 2d day of January, 1891, in favor of the plaintiff for $1,000 damages, after a trial at the Onondaga Special Term; also an appeal by the plaintiff William W. Gilmore "from that part of the decision of the court at Special Term wherein and whereby said court refuses to allow a judgment in favor of the plaintiff and against the defendant for the sum of $6,969.61, * * * which appeal is based upon the exceptions to such decision."

*T. K. Fuller*, for the plaintiff.

*Hunt & Everson*, for the defendant.

MERWIN, J.:

In the complaint in this case it is alleged that, on March 9, 1864, the plaintiff and defendant formed an equal copartnership in the clothing business under the firm name of Ham & Gilmore, and did business as such for several years thereafter; that, on the 19th of December, 1866, the firm borrowed of Sarah E. Ham the sum of $675, giving therefor the firm note, payable one day after date, with use; that, in June, 1869, the plaintiff "left said firm and left the State of New York to reside elsewhere, and also left in the hands of the defendant, as his partner, the entire assets belonging to said firm of Ham & Gilmore;" that, on or about July 5, 1869, the defendant published in the Syracuse Daily Standard a notice of dissolution, signed by him, stating that the firm had been dissolved, and that "all the assets are in the hands of the undersigned, and he will settle all accounts with the firm and debts against it;" that defendant failed and neglected "to pay said partnership note of $675, or any part thereof or interest thereon, as by said notice

of dissolution he had agreed to pay;" that, on the 12th of May, 1886, Sarah E. Ham brought an action in the Supreme Court against the plaintiff and defendant as such copartners upon the said note, and on December 17, 1886, recovered judgment thereon against this plaintiff and defendant for $1,619.53, which, upon appeal to the General Term, was reduced to $1,572.77; that the defendant, who is the husband of said Sarah, did not defend the action; that, on the 17th of June, 1890, this plaintiff paid the whole of said judgment, then amounting to $1,903.05; that there has never been an accounting between the plaintiff and defendant of their partnership affairs, and the same had never been adjusted between them, and that the defendant, though requested, had neglected and refused to account.

The allegations thus far stated are not denied by the answer. It is also alleged in the complaint, but denied in the answer, that this defendant wrongfully conspired with his wife to enable her to obtain her judgment against the firm; that the assets of the firm left in the hands of the defendant in 1869 were, in value, $7,000 and upwards, and the firm did not owe, aside from the note, an amount exceeding $1,000, and that upon a just accounting the defendant would be indebted to plaintiff in at least the sum of $3,000 and interest over and above the half of the judgment. As relief, the plaintiff demands an accounting, and that defendant pay him such sum as may be found due him, and also half of said judgment. The answer, besides the denials above referred to, sets up the six and ten-year statutes of limitation.

In addition to the admissions in the pleadings, it was found by the court that the assets of the firm, which passed into the hands of defendant in June, 1869, amounted to $7,000, and that the debts, aside from the note of Mrs. Ham and "certain family indebtedness which has never been paid," did not exceed $1,000; that it did not appear in proof what that other family indebtedness amounted to or whether it was now a valid claim; that if an accounting had been had in June, 1869, there would have been due the plaintiff $2,500, and this amount the defendant has since then had belonging to plaintiff.

The appeal of the plaintiff is not from the judgment, but, as the notice states, from a part of the decision of the Special Term, and is based "upon the exceptions to such decision." The only excep-

tions, in fact, taken by the plaintiff were to the refusal of the court to find certain requests. Upon an appeal from the judgment these would be reviewable. (Code, §§ 994, 1353.) There is no provision for appealing in such a case directly from the decision or from the refusal to find. The appeal must be taken from the final judgment (Code, § 1346) and the notice of appeal must so state. (Code, § 1300.) If the judgment is not appealed from it stands as correct. It follows that the attempted appeal of the plaintiff is ineffectual for any purpose and must be dismissed.

The only question, then, before us for review is upon the appeal of the defendant. The plaintiff was allowed to recover one-half of the amount of the judgment against the firm. The claim of the defendant is that plaintiff could recover only after an accounting, and that an action for that purpose is barred by the statute of limitations. The general rule, undoubtedly, is that if one partner pays a debt against the firm he cannot, as long as the partnership accounts are unsettled, sue his copartner at law for contribution. For until an accounting was taken it could not be ascertained whether the plaintiff had or had not paid more than his proportion. (*Gridley* v. *Dole,* 4 N. Y., 492.) If, however, the cause of action is distinct from the partnership accounts and does not involve their consideration, the action may be maintained. (*Ferguson* v. *Baker*, 116 N. Y., 257.)

In *Gray* v. *Green* (125 N. Y., 203) the plaintiff and defendant were partners, and the firm was dissolved by mutual consent, and the plaintiff was, by the agreement of dissolution, made the liquidating partner. More than ten years thereafter he brought an action against the defendant for an accounting, alleging in the complaint that the defendant, upon the dissolution, retained possession of firm assets exceeding in amount his partnership interest, and that such excess was due and payable to plaintiff. It was held that the action was barred by the statute; that the claim against defendant was an asset, and it was the duty of plaintiff, as the authorized agent of the partnership, to collect it, and that, therefore, the cause of action accrued immediately upon the dissolution. A distinction was taken between such a case and one where the action was brought against the liquidator. In the latter case it seems to have been conceded that an action would not lie until

after the lapse of a reasonable time for the liquidating partner to perform the duties of his trust.

In *Riddle* v. *Whitehill* (135 U. S., 621) it was held that where partnership affairs are being wound up, in due course, without antagonism between the parties or cause for judicial interference, assets are being realized and debts extinguished, and no settlement has been made between the partners, the statute of limitations has not begun to run. That when the right of action accrues between partners after a dissolution of the partnership, so as to set the statute of limitations in motion, depends upon the circumstances of each case, and cannot be held as matter of law to arise at the date of dissolution, or to be carried back by relation to that date. In *Hammond* v. *Hammond* (20 Georgia, 556) it was held that the statute of limitations does not commence to run in favor of one partner against another, even after a dissolution of the partnership, as long as there are debts from the partnership to be paid or debts due to it to be collected, nor, as long as either of these things is so, is a partner barred as against his copartner by the principles of stale demand.

In the present case all the assets of the concern were left with the defendant, and he apparently undertook to pay the debts — close up the business. He has not yet completed this undertaking. Having the assets, it was his duty to apply them to the payment of the debts. He held them in trust for that purpose and they were in amount sufficient. This trust was apparently never repudiated until the commencement of the action by Mrs. Ham in 1886. Upon this basis it may be said with some force that the statute is not available to defendant as a defense, so far, at least, as the claim of plaintiff upon the judgment is concerned.

The rule is well settled that if a partnership has been dissolved and the partnership accounts adjusted, and one partner is afterwards obliged to pay an outstanding claim not provided for, he may maintain an action in assumpsit against his copartner for the proportion of it which the latter ought to pay by reason of his joint liability. (Parsons on Part. [2d ed], 296, and note.) If, by reason of the lapse of time and the force of the statute of limitations, the dealings between the parties as they stood in 1869 are to be deemed closed, the fact remains that an outstanding debt was not provided

for, and that, too, by the fault of the defendant. Upon this debt there has been obtained in this court a judgment against the plaintiff and the defendant. It is so alleged in the complaint, and not denied in the answer. So that defendant is not in a position to deny the debt or the judgment. It is suggested, on his behalf, that he was not served with process in that suit. It is not so found nor was there any request to so find. This judgment having been paid by the plaintiff, it should be deemed a single isolated transaction, not involving, so far as the defendant is concerned, an examination of the partnership accounts. For he, by his position as to those, prevents it. He has no ground for complaint. Under the circumstances of this case the judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Appeal of plaintiff dismissed and judgment affirmed, without costs of appeal to either party.