## GILMORE *v.* HAM.

*(Supreme Court, General Term, Fourth Department.* September, 1892.)

PARTNERSHIP—ACCOUNTING—LIMITATIONS.

> Plaintiff and defendant were partners till 1869, when the former left the state. The firm was dissolved, and defendant, who retained all the assets, undertook to liquidate the firm affairs. In 1890 plaintiff sued for an accounting, without, however, showing any reason for his delay. *Held* that, though the last claim against the firm was not paid till 1890, as a cause of action accrued in favor of plaintiff within a reasonable time after dissolution, his right of action was barred by the statute of limitations.

Appeal from special term, Onondaga county.

Action by William W. Gilmore against Edward E. Ham for an accounting as to partnership assets. From a judgment for a part of his claim, plaintiff appeals. Affirmed.

For former report, see 15 N. Y. Supp. 391.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*T. K. Fuller,* for appellant. *Hunt & Everson,* for respondent.

MERWIN, J. The right of the plaintiff to recover the additional amount which he claims depends upon whether his right of action for an accounting was barred by the statute of limitations. It was, in effect, held at special term that the statute was a bar. Prior to 1869 the plaintiff and defendant were engaged in business as partners. The partnership was dissolved in June, 1869. This action was commenced July 25, 1890, and the plaintiff, among other things, claimed that an accounting be had between him and the defendant as copartners, and that defendant be adjudged to pay the plaintiff such sum as might be found due him upon such accounting. It appears that the partnership was for no specified time; that in June, 1869, plaintiff left the firm and the state, and also left in the hands of defendant the entire assets of the firm; that on 7th July, 1869, the defendant published a notice of dissolution, stating that all the assets were in his hands, and that he would settle all accounts with the firm and debts against it. There was never any accounting between plaintiff and defendant. According to the evidence of plaintiff, there was in defendant's hands a large amount over and above the debts of the firm. The defendant gave no evidence on the subject, relying on the statute of limitations. No explanation is given by the plaintiff of his long delay. Nothing at all appears with reference to the partnership matters until in May, 1886, when an action was commenced

against the firm to recover a debt. This action was defended by the plaintiff, and not by the defendant. A judgment was however obtained against the firm, and this the plaintiff was compelled to, and did, pay on 17th June, 1890. In the present action, which was soon thereafter commenced, the plaintiff also sought to recover of defendant the one half of such judgment. The recovery in his favor is for such half.

In *Gray* v. *Green*, 125 N. Y. 203, 26 N. E. Rep. 253, the plaintiff was by the agreement of dissolution made the liquidating partner. More than 10 years after the dissolution he brought an action for an accounting, alleging that, upon the dissolution, the defendant retained possession of firm assets exceeding in amount his partnership interest, and that such excess, to be ascertained on an accounting, was due and payable to plaintiff. It was held that the action was barred by the statute, as it accrued immediately upon the dissolution. In the opinion of the court it is said that "when an action is brought against a liquidator, as such, for an accounting, the plaintiff must wait a reasonable time before his right of action can at all accrue." In the present case, stress is laid by the plaintiff upon the fact that the debts of the firm were not all paid until 1890, when plaintiff paid the judgment above referred to, and it is therefore urged that plaintiff should not be charged with laches, or the statute be considered to have commenced to run. This view is sustained by the case of *Hammond* v. *Hammond*, 20 Ga. 556, but the doctrine of that case on that subject is distinctly repudiated in *Gray* v. *Green, supra.* Under the light furnished by the court of appeals in *Gray* v. *Green,* the most favorable position for the plaintiff is that his right of action for an accounting did not accrue until after the lapse of a reasonable time to enable the defendant to close up the concerns of the firm. Applying that rule, and in view of the long unexplained delay, (see Story, Partn. § 233*a*,) we find nothing to prevent the running of the statute for more than 10 years before the action was commenced. It follows that the ruling of the special term must be sustained.

Judgment affirmed, with costs. All concur.