No. 23,821.

F. A. Rothenberger, *Plaintiff*, v. E. L. Curl, *Appellee*, Hal W. Neiswanger and Jennie B. Neiswanger, *Appellants*.

### SYLLABUS BY THE COURT.

Partnership—*Action Between Partners for Contribution—Statute of Limitations*. A cause of action between partners for contribution on account of money advanced to the partnership or of partnership debts paid by one of the partners is barred by the statute of limitations if the action is not commenced within three years after the cause of action accrues, notwithstanding the fact that the partner from whom contribution is claimed asked for an accounting after the three years had expired.

Appeal from Osborne district court; William R. Mitchell, judge. Opinion filed June 10, 1922. Reversed.

*N. C. Else,* of Osborne, *J. F. Tillman, A. W. Relihan, T. D. Relihan,* and *J. T. Reid,* all of Smith Center, for the appellants.

*E. C. Bennett, J. L. Travers,* and *H. McCaslin,* all of Osborne, for the appellee.

The opinion of the court was delivered by

Marshall, J.: Defendants Neiswanger appeal from a judgment rendered against them in favor of E. L. Curl on an accounting between them as partners. The only question argued by the Neiswangers is, Were the causes of action on which judgment was rendered in favor of E. L. Curl barred by the statute of limitations?

It is necessary to detail the circumstances that culminated in the judgment from which this appeal is taken. The defendants, E. L. Curl, Hal W. Neiswanger, and Jennie B. Neiswanger, entered into a partnership in 1913, but ceased to do business as partners in 1914. This action was commenced in 1914 by F. A. Rothenberger against the defendants as partners, to recover on an indebtedness incurred

by the partnership. Judgment was rendered in favor of Rothenberger against the partnership on October 28, 1914, for $1,001 with interest at six per cent per annum. H. E. Mallery held a chattel mortgage on the stock of goods owned by the partnership and was named as a defendant. At the time judgment was rendered in favor of Rothenberger, a stipulation was entered into between the parties, in part as follows:

"It is further agreed that the said H. E. Mallery have the first lien on said stock of goods to the amount as shall be found from the accounting to be due him in this case and that the plaintiff F. A. Rothenberger have a second lien on said stock of goods for the amount of his judgment.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"It is further stipulated and agreed that Hon. J. W. Huff of Downs, Kansas, be appointed as referee to take the testimony and the accounting between all the parties to this action and make a full report of said accounting to the court together with his findings of amount due that may be due any of the parties herein from said stock of goods or from any party in this action.

"That said referee make a report in writing to this court not later than the 8th day of November, 1914, showing what amount if any the individual partners have received from the partnership funds and what amount if any the defendant Mallery has received from said co-partnership which would be credited upon his claim against the partnership and further showing what said co-partnership has received from the individual partners if any.

"That any funds remaining from the proceeds of any sale to be held hereunder after the lien of defendant Mallery if any be satisfied therefrom together with the lien of the plaintiff shall be left with the clerk of the court to await the order thereof distributing the same."

A referee was appointed under that stipulation, and he made findings, among which were the following:

"The defendant Curl has paid in cash to said partnership $814.85, or $414.85 more than Neiswangers have invested therein.

"In addition to the plaintiff's claim against said stock two notes are held by the First State Bank of Alton in the principal sum of $1218.00 and accumulated interest thereon signed by the defendants Neiswanger and Curl; that said notes were given for the benefit of said partnership and that their proceeds were used by said partnership."

The referee made conclusions of law, among which were the following:

"The defendants, Neiswanger, should pay to said Curl one-half of the $414.85 so advanced by him.

"The defendant Curl, and the defendants Neiswanger, should pay, half and half, the amounts due on said notes and one should account for and pay to the other one-half of any sums paid thereon."

The referee found that the value of the stock of goods was less than the amount due Mallery under his mortgage. That report was filed on February 1, 1915, and was approved in May, 1915. Final judgment was rendered on the report, but no judgment was rendered as between Curl and the Neiswangers. Rothenberger caused execution to be issued on the judgment rendered in his favor, and the execution was about to be levied on the property of Curl when, on January 29, 1916, he paid the full amount thereof, $1,260, and immediately filed notice of his payment of the judgment and his claim to contribution under section 474 of the code of civil procedure. About January 25, 1917, Curl paid the notes held by the First State Bank of Alton. On September 8, 1920, he caused execution to be issued on the Rothenberger judgment, and to be levied on real property, the title to which was in the name of Jennie B. Neiswanger. On October 28, 1920, the Neiswangers filed an application asking that the execution be stayed until an accounting be had between them and Curl. That application was granted, and the court directed that pleadings for an accounting be filed and that an accounting be made. On February 2, 1921, the Neiswangers filed their petition against Curl in which they pleaded matters to excuse them from paying any part of the partnership debts, including the judgment that had been rendered in favor of Rothenberger. On April 16, 1921, Curl filed his answer and cross-petition, in which he pleaded the report of the referee, the payments that had been made by him, and asked for contribution on account of the $414.85 that had been paid by him into the partnership and on account of the notes that had been held by the First State Bank of Alton. The Neiswangers on May 16, 1921, filed a reply to Curl's answer and cross-petition in which they pleaded that the claims of Curl were barred by the statute of limitations. On May 19, 1921, the Neiswangers dismissed their petition against Curl, and moved for judgment on the pleadings which then consisted of Curl's answer and cross-petition in the reply of the Neiswangers thereto. Their motion for judgment was denied. Curl moved for judgment on the pleadings; his motion was sustained, and judgment was rendered in his favor "in the sum of $285.14; being one-half of the $414 contributed by defendant Curl into the partnership, as found by the referee, with interest thereon at the rate of six per cent per annum from this date; and for the further sum of $978.14, being one-half of the amount paid by E. L. Curl on the notes found by the referee to be due and owing to the

Rothenberger v. Curl.

First State Bank of Alton, with interest thereon at the rate of six per cent per annum from this date."

Curl's cause of action for contribution on account of the money that had been advanced by him to the partnership accrued at the time the partnership was closed, if it had not accrued previous to that time; his cause of action for contribution on account of the notes paid by him accrued at the time he paid them. Both of these causes of action accrued more than three years before his answer and cross-petition was filed in the accounting proceeding.

Curl argues, "Will the statute of limitations ever run in a pending action?" What action to which Curl and the Neiswangers were parties was pending after the judgment in favor of Rothenberger had been rendered, and after the report of the referee had been filed and approved and final judgment had been rendered thereon? The answer is, none. That action was closed in every particular so far as matters then pending before the court were concerned. It is true that no judgment was rendered on the report of the referee so far as Curl and the Neiswangers were concerned, but there does not appear to have been any pleadings filed by either of them against the other, and it does not appear that any judgment was asked by either of them on the report of the referee so far as the other was concerned. The action was closed. The judgment in favor of Rothenberger was alive, execution was issued on it, and that gave rise to the subsequent proceedings in which the judgment appealed from was rendered, but that execution did not open any matter that had been closed by the judgment that had been rendered on the report of the referee.

Curl also argues, "Will equity permit a party to invoke the court's aid and accept its favor and later repudiate his own acts?" This argument must be based on the law of estoppel. What principle of the law of estoppel says that the Neiswangers cannot plead the statute of limitations against Curl's claim? The position of Curl was not altered nor changed by the request for an accounting. He was not misled by that request. He could have commenced his action for contribution at any time after the cause of action accrued. Nothing was done by the Neiswangers to prevent him from commencing such an action. Nothing was done to change the position or attitude of Curl toward the Neiswangers. They did nothing to estop them from pleading the statute. No reason has been shown

why the statute of limitations should not run against Curl's causes of action.

In *Finley v. Gilmore*, 107 Kan. 349, 352, 191 Pac. 256, this language was used:

"The law is thoroughly established that when a business partnership is discontinued and its affairs are turned over to a liquidator for the purpose of being wound up, a final settlement between the partners cannot be made, whether for division of proceeds or for determination of their proportionate liabilities, until the partnership assets have been sold, the credits collected, and the debts paid."

In this instance, the partnership was closed when the referee's report was filed and final judgment was rendered thereon. In *Brooks v. Campbell*, 97 Kan. 208, 155 Pac. 41, this court said:

"When a partnership business is closed out, a cause of action for an accounting and settlement arises between the partners, under an implied contract mutually and equally to share the profits and bear the burdens of the partnership.

"A partnership business was closed out in April, 1908. An action for an accounting and settlement and for moneys due to one partner from the other partners was not begun until September, 1913. *Held*, that such action was barred by the statute of limitations." (Syl. ¶¶ 1, 2.)

The court erred in rendering judgment in favor of Curl.

The judgment is reversed, and the trial court is directed to enter judgment in favor of the Neiswangers on their motion for judgment on the pleadings.